UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON,
RICHARD BRIGGS; RAJ LEE,
MICHAEL CAMERON, and
MATTHEW SAUNDERS,
individually and on behalf of
all others similarly situated,

        Civil Case No. 20-cv-10949
        Honorable Linda V. Parker

    Plaintiffs,

v.

MICHAEL BOUCHARD,
CURTIS D. CHILDS, and
OAKLAND COUNTY, MICHIGAN,

    Defendants.
_____/

## INSPECTION ORDER

This matter is before the Court following the telephonic status conferences held on April 21 and 22, 2020. The Court orders as follows:

1. An inspection shall take place of the Oakland County Jail ("the Jail") on April 23, 2020. The inspection will be conducted by Dr. Carlos Franco-Paredes. The inspector shall be provided or wear his own full personal protective equipment, including an N-95 mask and gloves, to safely enable his inspection. The inspector shall maintain social distancing when interacting with Jail inmates and staff. Prior to beginning the inspection, the inspector shall be screened consistent with the screening performed of Jail staff, be subject to a COVID-19 test

administered by the Jail, and be able to answer the following questions in the negative: whether the inspector (a) has experienced recent coughing, shortness of breath, or fever and (b) had any known exposure to anyone with the virus over last 14 days.

2. For the protection of the public health of the tri-county area, every reasonable measure should be taken to obtain a 15-minute COVID-19 test for the inspector, Dr. Carlos Franco-Paredes, as early as possible on the morning of April 23, 2020, to facilitate his inspection of the Oakland County Jail.

3. When speaking with inmates, the inspector may provide his name and indicate that he does not work for the Jail. The inspector also may inform inmates that he is there to evaluate the health and safety conditions within the jail and that they will not be retaliated against for speaking with him and answering his questions. The inspector may not provide further details about who he works for, that he has been retained by a specific party, or that he is inspecting the jail pursuant to a court order.

4. The inspector shall provide a report to the parties and the Court by April 27, 2020 at 5:00 p.m. The report shall be filed under seal until a redacted version that does not include photographs or video depicting the Jail can be publicly filed. The report shall include factual information, photographs and/or

video, documenting whether and to what extent the steps outlined in the Temporary Restraining Order (ECF No. 12) have been implemented.

    5.    The inspection shall be completed within a five-hour time frame and shall include the following areas:

- All housing units where inmates are housed, including but not limited to all areas listed in Defendants' Motion for Reconsideration, Exhibit I (ECF No. 17-9);

- Housing units where quarantined inmates are being held;

- The ingress/egress staff screenings;

- Medical facilities;

- Classroom areas;

- Dining facilities;

- Laundry facilities;

- Shower/bathroom facilities; and

- Areas where cleaning supplies and personal protective equipment are maintained.

The inspector's reports shall include any information he was able to ascertain regarding the following:

- Cleanliness of the housing units;

- Cleanliness of and access to shower/bathroom facilities;

- Cleanliness of and access to medical, laundry and dining facilities;

- Availability and stock of cleaning supplies and personal protective equipment for inmates and Jail staff;

- Availability and stock of hygienic and disinfecting supplies for inmates and Jail staff;

- Availability of communications to inmates about COVID-19 including low-literacy and non-English-speaking people; and

- Social distancing measures

6. During the course of the inspection, the inspector shall be permitted to ask inmates questions about the following topics outlined in the Court's Temporary Restraining Order (ECF No. 12):

- Availability and access to medical staff;

- Availability and access to free medical care for COVID-19 testing, COVID-19 tests, grievances, showers, mental health services, reading materials, phone and video calls, and counsel whether in quarantine or not;

- Availability and access to personal protective equipment;

- Self-reporting procedures for COVID-19 symptoms;

- Whether detained people have received sufficient cleaning and hygiene supplies, as required by the Court's order and the time it takes to receive them; and

4

- Incidents of punitive transfers, threats of punitive transfers, and concerns about retaliation for raising concerns formally or informally with Jail staff about the health and safety conditions at the Jail.

7. The inspector will be limited to asking a maximum of three (3) people in each housing unit (the Main Jail, Annex and East Annex) questions on the topics listed in paragraph 2 above.

8. Counsel for Plaintiffs shall not contact anyone held inside the Jail in advance of the inspection to prepare them for the inspection or to alert them to the inspection. Plaintiffs' counsel shall not request that the inspector speak with any individual people held inside the jail. Nothing in this paragraph prohibits Plaintiffs' counsel and their agents from talking to people held inside the Jail about its conditions, so long as they do not mention or refer to the impending inspection.

9. No attorney for either side shall attend the inspection. The Jail shall assign one or more individuals to accompany the inspector and shall take photographs or videos at the direction of the inspector. No other photographs or videos will be taken during the inspection, nor will any equipment for such recordings be allowed inside the Jail. Photographs or videos will be shared with each party through their attorneys within four (4) hours of the inspection.

10. Any videos or photographs of the Jail shall be kept confidential by all attorneys on this case and shall not be used for any purpose other than this

litigation and shall not be provided to any third-party or inmate absent leave of the Court. No photographs of Jail staff shall be taken. No photographs or videos of inmates shall be taken without their express consent. All videos or photographs of the Jail shall be filed under seal.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 22, 2020