UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN,

    Defendants.

Case No. 20-cv-10949-LVP-MJH

Hon. Linda V. Parker

## **STIPULATED AGREEMENT**

A. <u>Preamble</u>

The parties hereby agree to the following:

(1) This Stipulation is not to be considered an "order," including an "order for less intrusive relief" pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq*, and/or 18 U.S.C. §3626.

(2) The Court retains jurisdiction to enforce this Agreement for the duration of this litigation, and to issue any remedial orders necessary to address a breach of this Agreement. Plaintiffs' counsel agrees to contact defense counsel to give notice of a breach or suspected breach of the Agreement. If the matter cannot be satisfactorily resolved with defense counsel within 48 hours of

notice to defense counsel, Plaintiffs' counsel will contact the court, and within 24 hours of notice from Plaintiffs' counsel that there has been a breach or suspected breach of the Agreement, the Court will schedule a conference call with the parties to discuss the matter and how to best remediate the issue.

(3) Defendants' position is that Defendants were in full compliance with all subparagraphs of this Stipulation prior to the filing of Plaintiffs' lawsuit. Defendants are making no admissions regarding liability and expressly deny any unlawful acts and/or omissions. Likewise, Plaintiffs are making no admissions that their claims lack merits or that Defendants complied with any of the subparagraphs of this Stipulation prior to the filing of Plaintiffs' lawsuit.

B. <u>Stipulation</u>

The parties herein, by and through their respective counsel, hereby and agree and stipulate that upon entry of this Stipulated Order**,** Defendants shall undertake the following measures related to the conditions of confinement at the Oakland County Jail during the pendency of the COVID-19 pandemic[1]:

> (1) Ensure that each incarcerated person receives, free of charge: (a) an individual supply of bar soap and hand towels sufficient to allow regular hand washing and drying each day,[2] and (b) an adequate supply of disinfectant hand wipes or disinfectant products effective against the COVID-19 virus for daily cleanings;
>
> (2) Provide access to showers and clean laundry, including clean personal towels on a regular basis, but at a minimum on a weekly basis;

---

[1] The Temporary Restraining Order issued by the Court on April 17, 2020 reserved a number of issues for further exploration at a future hearing. Neither party waives any arguments with respect to those issues.

[2] The court will hold a hearing to resolve the dispute between the parties as to whether the Jail needs to provide liquid soap and paper towels instead of bar soap and hand towels, which Plaintiffs contend is necessary for proper anti-COVID 19 hygiene. Defendants contend that bar soap and hand towels suffice.

(3)  Ensure that, to the fullest extent possible, all Jail staff wear personal protective equipment, including masks,

(4)  Ensure, to the fullest extent possible, that all Jail staff wash their hands with soap and water or use hand sanitizer containing at least 60% alcohol both before and after touching any person or any surface in cells or common areas. Consider allowing staff to carry individual sized bottles while on duty;

(5)  Establish protocol through which an incarcerated person may self-report symptoms of COVID-19 infection and to evaluate those symptoms, including temperature monitoring. This may be satisfied either by (1) having staff circulate daily offering medical kites with inmates being able to request treatment by speaking to a guard at other times of day or (2) in areas of the jail where inmates can circulate freely by allowing inmates to contact a deputy for treatment by approaching any deputy, so long as the procedure is explained to all inmates;

(6)  Conduct immediate testing for anyone displaying known symptoms of COVID-19.  Inmates showing symptoms during the weekend will be tested immediately the following Monday;

(7)  Provide adequate spacing between people incarcerated, to the maximum extent possible with a goal of six feet of separation, so that social distancing can be accomplished;

(8)  Ensure that individuals identified as having COVID- 19, with symptoms of COVID-19, or having been exposed to COVID-19 receive adequate medical care and are properly quarantined in a non-punitive setting, with continued access to showers, mental health services, reading materials, phone and video calling with loved ones, communications with counsel, and personal property (to the extent reasonable and necessary to the inmate's physical and mental well-being). Such individuals shall remain in quarantine and be strongly encouraged to wear face masks when interacting with other individuals until they are no longer at risk of infecting other people;

(9) Respond to all COVID-19 related emergencies (as defined by the medical community) within an hour;

(10) Provide sufficient disinfecting supplies, without cost, so incarcerated people can clean high-touch areas or items (including, but not limited to, phones and headphones) between each use;

(11) Effectively communicate to all people incarcerated, including low-literacy and non-English-speaking people, including Spanish and Arabic, sufficient information about COVID-19, measures taken to reduce the risk of transmission, and any changes in policies or practices to reasonably ensure that individuals are able to take precautions to prevent infection;

(12) Train all staff regarding measures to identify symptoms of COVID-19 in inmates, measures to reduce transmission, and the Jail's policies and procedures during this crisis (including those measures contained in this Order);

(13) Refrain from charging medical co-pays before treatment is provided to those experiencing COVID-19- related symptoms, including testing;

(14) Waive all charges for medical grievances during this pandemic until further order of the Court;

(15) Cease and desist (a) all use of punitive transfers or threats of transfers to areas of the jail that have higher infection rates (or any other form of threat involving increased exposure to infection) for any infraction whatsoever; and (b) all retaliation in any form, against class members who raise concerns either formally or informally about the health and safety conditions in the Jail.

/s/ Krithika Santhanam
Krithika Santhanam (DC Bar No. 1632807)
Thomas B. Harvey (MBE #61734MO)*
Advancement Project National Office
1220 L Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 728-9557
Ksanthanam@advancementproject.org
Tharvey@advancementproject.org

/s/ Philip Mayor
Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org

/s/ Alexandria Twinem
Alexandria Twinem (D.C. Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6126  Fax: 202-609-8030
alexandria@civilrightscorps.org

/s/ Cary S. McGehee
Cary S. McGehee (P42318)
Kevin M. Carlson (P67704)
Pitt, McGehee, Palmer,
Bonanni & Rivers, PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
cmcgehee@pittlawpc.com
kcarlson@pittlawpc.com

/s/ Allison L. Kriger
Allison L. Kriger (P76364)
LaRene & Kriger, PLC
645 Griswold, Suite 1717
Detroit, MI 48226
(313) 967-0100
Allison.kriger@gmail.com

                Attorneys for Plaintiffs/Petitioners
   *Application for admission forthcoming


/s/Steven M. Potter (P33344)
STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com
Attorney for Defendants                                    DATE: April 22, 2020