UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON, RICHARD BRIGGS,
RAJ LEE, MICHAEL CAMERON, and
MATTHEW SAUNDERS, individually and
on behalf of all others similarly situated,

        Plaintiffs,        Civil Case No. 20-10949
                                                Honorable Linda V. Parker

v.

MICHAEL BOUCHARD, CURTIS D. CHILDS,
and OAKLAND COUNTY,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION

On April 17, 2020, Plaintiffs filed a putative class action complaint, raising concerns about the conditions in the Oakland County Jail in the face of the novel coronavirus (COVID-19) pandemic. Plaintiffs seeks to represent a class of all current and future Oakland County Jail ("Jail") detainees, as well as three sub-classes. One of those sub-classes (the "Medically-Vulnerable Subclass") consists of Class members who are at particular risk of contracting coronavirus due to their age (Plaintiffs use fifty-years old) or underlying medical condition. Plaintiffs also filed an emergency motion for temporary restraining order ("TRO") in which they ask the Court to order (a) the release of members of the Medically-Vulnerable

Subclass pending briefing and argument and (b) the undertaking of certain measures to improve hygiene and safety at the Jail.

On April 17, 2020, the Court entered a TRO requiring Defendants to adopt certain measure to improve hygiene and safety at the Jail.  The Court also ordered Defendants to "[p]romptly provide Plaintiffs and the Court with a list of all individuals who are members of the Medically-Vulnerable Subclass … which includes their location, charge and bond status" and a list of those subclass members who Defendants object to releasing and the reason(s) for that objection.  Nevertheless, the Court indicated in its decision that "it is without sufficient information to rule on Plaintiffs' request to release all members of the Medically-Vulnerable Subclass" and had scheduled a hearing to address that request (as well as other matters).[1]  Defendants filed a motion for reconsideration on April 20, 2020.

In their motion, Defendants dispute Plaintiffs' representations concerning the conditions at the Jail.  Defendants argue that Plaintiffs—who have been convicted of crimes involving theft and dishonesty—lack credibility.  According to Defendants, they adopted the measures set forth in the Court's TRO before this lawsuit was filed, with the exception of providing hand sanitizer to inmates and the spacing of inmates.  Defendants maintain that hand sanitizer poses a security risk

---

[1] The Court has since cancelled the hearing.

and that spacing inmates six feet or more apart is impracticable. Later, Defendants argue that because they already adopted the safety measures sought by Plaintiffs and ordered by the Court, Plaintiffs cannot establish the elements of their Eighth and Fourteenth Amendment claims.

Defendants also challenge the Court's finding that Plaintiffs are likely to succeed on the merits of their Eighth and Fourteenth Amendment claims because those claims are asserted as part of a habeas petition. To the extent the Court contemplated releasing Jail inmates, Defendants argue that it lacks the authority to do so. Moreover, Defendants indicate that Plaintiffs have failed to exhaust the required available state remedies prior to seeking such relief in federal court.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

As this Court emphasized to the parties during the April 20, 2020 status conference—and as stated in its Amended Opinion and Order—it assumed the factual allegations in Plaintiffs' Complaint as true when ruling on their emergency motion for a TRO. Rule 65 of the Federal Rules of Civil Procedure allows a court to grant a TRO ex parte, without briefing or evidentiary submissions by a defendant. In this case, the Court felt a need to act immediately (that is, without hearing from Defendants) in light of COVID-19's grave risk to Jail inmates. The Court therefore did not commit a palpable defect by failing to consider Defendants' evidence prior to issuing the order. Nor did it commit a palpable defect by concluding, based on the evidence before it, that Defendants were deliberately indifferent to a serious risk of harm to Plaintiffs and putative class members.

When filing their initial pleading, Plaintiffs did select "petition" to identify their filing. Nevertheless, the pleading is titled "Class Action Complaint" and is filed, at least in part, under 42 U.S.C. § 1983.[2] While it may be appropriate for the Court to require Plaintiffs to bifurcate their request for habeas relief under 28 U.S.C. § 2241 and their civil rights claims under § 1983 at some later time (an issue the Court is not now deciding), the Court's failure to make that request before

---

[2] For that reason, the Clerk of the Court required Plaintiffs to pay the $400 filing.

4

issuing its TRO did not create a palpable defect, particularly where the Court made no finding with respect to Plaintiffs' claims and/or requests for relief under § 2241.

It is the lack of such a finding that also renders Defendants' final arguments meritless when challenging the Court's TRO decision. Nowhere in the Court's decision does it suggest that Plaintiffs are likely to succeed on their request for the release of certain Jail inmates. The fact that the Court instructed Defendants to prepare lists relative to inmates who fit within Plaintiffs' putative Medically-Vulnerable Subclass does not mean that the Court concluded that any inmates should be released in these proceedings.

The Court appreciates Defendants' arguments as to why they should not be required to provide Plaintiffs with these lists if the Court lacks the authority to eventually release any Jail inmates. During today's status conference, Plaintiffs stated an additional reason why they will need the lists; nevertheless, the Court does not believe that the lists are needed at this juncture to achieve that stated purpose. For that reason, the Court is granting Defendants' motion for reconsideration with respect to the order requiring them to produce those lists at this time. The Court will require Defendants to provide the lists to the Court and/or Plaintiffs' counsel, but only once the Court determines that it has the power to release inmates in this litigation or is convinced that there is some other reason why the lists should be produced.

For the reasons stated, the Court is **GRANTING IN PART AND DENYING IN PART** Defendants' motion for reconsideration in that it is only modifying the order with respect to the provisions requiring Defendants to provide lists identifying the Jail's inmates falling within Plaintiffs' putative Medically-Vulnerable sub-class.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 23, 2020