# **<u>Appendix B</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN,

    Defendants.

Case No.: 20-cv-10949-LVP
Hon.:    Linda V. Parker

## **DECLARATION OF DENISHA BRINKER**

I, Denisha Brinker, declare:

I make this declaration based upon my own personal knowledge, and if called to testify, I could and would do so competently.

1. I have been in the Oakland County Jail since February 20, 2020. I am scheduled to be released on June 9, 2020.

2. There are two people in my cell. There are two bunks and a desk in here. There is no way to be six feet apart from each other, and therefore no way to practice social distancing. The desk is two feet away from the bunk.

3. On March 23, 2020, there was a new inmate brought to the jail around 9:30 pm. On March 24, 2020, Deputy Sciacca allowed her to come to our pod and watch television. I knew she had not yet been screened to determine whether she was at risk for COVID-19. I told Deputy Sciacca that she should not have been permitted into our pod because she could put us at risk for exposure to Coronavirus. Deputy Sciacca responded that someone in our pod could already have it anyway and that it was "not that serious." Deputy Sciacca then told me that I signed up for exposure to the Coronavirus when I broke the law.

4.   The deputies have told us that COVID-19 is just like the flu.

5.   Since March 28, 2020, my cell has been "locked down" for 23 hours a day. This means I am only allowed to leave my cell twice a day, for half an hour at a time. This is the only time that I have to make phone calls, shower, and clean my cell.

6.   Until March 28, 2020, I had to clean my cell without gloves or a mask, despite repeated requests for them. The day they placed my cell on lockdown was the day that I finally received gloves and a mask. I have been using the same gloves and mask ever since.

7.   In early April, 2020, I started to suffer from headaches and sinus pressure. I requested medical assistance via a kite on April 2, 2020. I did not receive any assistance, despite repeated follow up.

8.   Finally, on April 9, 2020, I vomited. I was given a specimen cup to collect a sample of my own vomit. I have not heard anything about what was done with the specimen.

9.   The showers, which are shared by approximately 14 inmates, are not cleaned. There is hair, blanket lint, and gnats are flying around. We receive a solution called DMQ and another red solution to clean, but they are both obviously diluted. We use them to clean the toilet and the sink. We use a torn blanket as a rag because we are not given any rags otherwise.

10.   We do not have a way to obtain our basic necessities because the commissary is closed.

11.   On Thursday, April 23, 2020, a lieutenant and two officers came through the Jail with another individual who was asking us questions. During this time, all of the officers wore masks and gloves. This was the only time that I saw all of the officers wearing masks or gloves. They generally do not, and they are not social distancing. The officers also put Xeroxed labels on the cleaning solutions, which are usually unidentified. They closed the doors between the pods. As soon as the lieutenant, the officers, and the other individual left our floor, the officers took off their masks and gloves and opened the doors between the pods.

12.   I am a trustee who is tasked with distributing cleaning supplies for people to use. There are two brooms and one Swiffer for the whole section of the Jail. Nothing is cleaned properly. My "training" consisted of being told to spray an area and leave

the spray for ten minutes. I know that the spray that I have been given to do this has been diluted.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

April 26, 2020                             /s/ Denisha Brinker
                                           Denisha Brinker

                                           *consent for signing given telephonically

Due to the COVID-19 crisis, it was not possible to obtain a written signature on the above declaration. I am an attorney admitted to the Eastern District of Michigan. On April 26, 2020, I personally spoke with Denisha Brinker and read this declaration to her. Denisha Brinker told me that the information in the above declaration is true, and gave me verbal consent to sign on her behalf.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

                                           /s/ Syeda F. Davidson
                                           Syeda F. Davidson