UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JAMAAL CAMERON; RICHARD
BRIGGS; RAJ LEE; MICHAEL
CAMERON; MATTHEW
SAUNDERS, individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.

MICHAEL BOUCHARD, in his
official capacity as Sheriff of Oakland
County; CURTIS D. CHILDS, in his
official capacity as Commander of
Corrective Services; OAKLAND
COUNTY, MICHIGAN,

        Defendants.

Case 2:20-cv-10949-LVP-MJH

_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE STIPULATION

Plaintiffs' Motion to Enforce Stipulation seeks a "remedial order from the Court addressing Defendants' flagrant breach of paragraph 15(a)..." due to instructions provided by "guards" that anyone who failed to wear their mask would be sent to the "main jail building." (Plaintiffs' Motion, p. 3). Plaintiffs' Motion lacks factual and legal basis. Indeed, when Plaintiffs' most recent allegations are fully analyzed, the hypocrisy of Plaintiffs' position is exposed.

First, as discussed extensively in Defendants' prior Motion for Reconsideration

and Motion to Dismiss Plaintiffs' Petition for Habeas Corpus, prison officials are entitled to significant deference and the daily operation of prisons should not be subject of federal court review. See *Turner v Safley*, 482 US 78, 85 (1987)("Where a... penal system is involved, federal courts have ... additional reason to accord deference to the appropriate prison authorities"); *Meachum v Fano*, 427 US 215, 229 (1976)("Federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States"). Most importantly to Plaintiffs' Motion, prison officials maintain the authority to discipline and house its inmate population. As the court in *Bailey v. Decker*, 2020 WL 1609505 (W.D. Tenn. Apr. 1, 2020) noted earlier this month:

> the Court **does not**, in any event, have the **authority to supervise classification and housing assignment** of inmates. An inmate does not have a protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Sandin*, 515 U.S. at 484-87. **Because "maintaining security, order, and discipline are essential goals of a corrections system," prison officials are given wide latitude in the adoption and application of prison policies, and courts have deferred to judgments of prison officials in upholding these regulations.**" *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011).

*Bailey v. Decker*, No. 19-1197-JDT-CGC, 2020 WL 1609505, at *8 (W.D. Tenn. Apr. 1, 2020)(emphasis supplied). Plaintiffs in the instant case seek to do exactly what the

*Bailey* court noted lacks legal basis. In their Motion, Plaintiffs implicitly contend they are entitled to certain housing assignment regardless of circumstances and whether they follow instructions and commands of jail officials. There is no legal basis for such a position pursuant to well established United States Supreme Court authority. *Olim, Meachum, supra*. Moreover, Plaintiffs' allegation that jail officials lack the ability to instruct inmates to wear a mask if they wish to remain in the East Annex in order to maintain "security, order and discipline" has also been rejected by the Sixth Circuit. *Hayes, supra*. Simply put, Plaintiffs' Motion lacks legal basis and in reality the relief requested has been previously rejected by the Supreme Court and Sixth Circuit.

Plaintiffs' Motion also fails factually. Plaintiffs' Motion fails to consider that the declarant/Plaintiff, Michael Cameron, alleging inmates were threatened to wear a mask or they risked transfer is housed in East Annex. (Exhibit A, Inmate Housing History). The East Annex of OCJ is a dormitory facility with bunks rather than traditional jail cells. (Exhibit B, Affidavit of Sgt. Ryan Terry, ¶ 3). The dormitory style allows inmate freedom of movement within their assigned dorm. (Exhibit B, ¶ 3). In light of the increased ability and additional freedom of movement, it is considered a privilege for inmates to be housed in the East Annex. As of the present date, the East Annex does not have a single inmate who has tested positive for

3

COVID-19. (Exhibit C, Affidavit of Curtis Childs, ¶ 3). In an attempt to maintain the status quo with respect to COVID-19 (and to protect jail officials), inmates in the East Annex are instructed to wear masks.

Plaintiffs' overly narrow interpretation of the Stipulation which precludes Defendants from enforcing precautionary measures regarding COVID-19 is not only hypocritical (the Court can easily anticipate Plaintiffs' arguments if no instructions were being provided to inmates regarding the use of masks) but was never agreed to, or intended to be agreed to by Defendants. Such a narrow interpretation strips Defendants of any ability to maintain security, discipline and order but also gives inmates *carte blanche* ability to refuse any orders given to them by jail personnel. For example, under Plaintiffs' interpretation of the paragraph, OCJ would not able to discipline an inmate who assaulted a jail official in the East Annex by transferring them to a different location in the jail even if that transfer did not result in increased exposure to COVID-19. Such an interpretation is absurd.

By requiring inmates housed in East Annex to wear masks, the jail is using its best efforts to limit exposure to inmates housed in a dormitory layout and to prevent outbreak within the jail. Defendants' interpretation of paragraph 15 of the Stipulation prevents *quid pro quo* threats or retaliation to cells of the jail containing COVID-19 positive inmates. In other words, Defendants assert that paragraph 15 prevents them

from threatening to or retaliating by moving an inmate who has not tested positive for COVID-19 to a cell where they would be placed with an inmate who has COVID-19. Obviously, the consequences of such a transfer would be inappropriate and Defendants have never initiated such a punitive threat and/or transfer.

Plaintiffs' Motion (and the allegation of Mr. Cameron) also fails to consider that inmates who have tested positive for COVID-19 are quarantined and under lock down in the Main Jail. As of the present date, the number of positive COVID-9 cases has decreased to 9 inmates. (Exhibit C, ¶ 4). Most importantly, Plaintiffs fail to acknowledge that there are portions and cells within the Main Jail that house inmates who do not have COVID-19. Thus, instructing inmates in the East Annex such as Mr. Cameron that they will be moved to the Main Jail if they fail to comply with lawful orders will never result in a transfer to a cell containing an inmate(s) who has previously tested positive as these individuals are quarantined. In the event OCJ was unable to transfer inmates to entire housing areas that contain very limited areas/cells where COVID-19 positive inmates are housed, OCJ would be foreclosed from transferring inmates to approximately 2/3 of the jail for only 9 positive cases and thus lose its ability to maintain discipline and order in areas such as the East Annex. Moreover, OCJ would lose the ability to transfer inmates currently receiving privileges by being housed in East Annex regardless if they commit serious

infractions or demonstrate other behavioral issues. Simply put, Plaintiffs' assertion is based on a false premise, attempts to strip jail officials of their inherent ability to maintain order, security and discipline in the OCJ and, interestingly disrupts jail efforts to prevent COVID-19 from spreading throughout the OCJ.

## CONCLUSION

Plaintiffs' Motion should be denied. To avoid further litigation regarding paragraph 15 of the Stipulation, Defendants believe the Court should revise the paragraph to prevent quid pro quo threats and/or retaliation of punitive transfer of inmates who have not tested positive for COVID-19 to cells containing inmates that have tested positive for COVID-19. Such a revision is not only pragmatic but reflects the true intention of the parties.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Enforce Stipulation for the reasons set forth above.

Respectfully submitted,

POTTER DeAGOSTINO O'DEA & CLARK

s/ STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: April 27, 2020          spotter@potterlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 27, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

/s/ STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

7