**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN,

    Defendants.

Case No.: 20-cv-10949-LVP
Hon.:    Linda V. Parker

## **DECLARATION OF ELIZAH SHEPPARD**

I, Elizah Sheppard, declare:

I make this declaration based upon my own personal knowledge, and if called to testify, I could and would do so competently.

1. I have been in the Oakland County Jail since November of 2019. I am awaiting sentencing, which was originally going to occur on May 13, 2020. I do not know if this date will be rescheduled. I am housed in the main jail.

2. I suffer from bronchitis, asthma, chronic pancreatitis, IBS, arthritis in my knees and back, obsessive compulsive disorder, acid reflux, glaucoma, syncope, hypertension, bi-polar disorder, schizophrenia, homicidal and suicidal thoughts, anxiety, and depression.

3. There are eight people in my cell, which is about 20 feet by 15 feet. It is impossible to practice social distancing. When we sleep or use the bathroom, we are less than six feet apart. We are on lockdown twenty-three hours a day.

4.      Deputies, nurses, and trustees only started wearing gloves and masks after this lawsuit was filed, about a week and a half ago.

5.      Many of the trustees were infected with COVID-19, so there are cells on my block that are quarantined. "Quarantined" cells are only forty feet away from mine, across the hall. The cells are only closed in the front with bars, so we are all breathing the same air.

6.      I have not been tested for COVID-19 since approximately four weeks ago. I have chills, muscle aches, and a sore throat, but the deputies tell me there will be no further testing. When I tell nurses that I have chills, they tell me that it's dry air and do not provide me with medical attention. On April 27, 2020, I finally received my inhaler after requesting it and being ignored for three weeks.

7.      The soap that we receive is a small bar, about half the size of a hotel bar. It also makes me break out in hives. Before the lawsuit was filed, we only received soap and toilet paper once a week. I always ran out of soap before we received it again. Since the lawsuit has been filed, we started receiving these items two times per week, however, we are all still using the same bar to wash our hands. The commissary is closed, so we cannot purchase basic hygiene items if we run out.

8.      Although we get fresh laundry once a week, we do not receive new washcloths at that time. I have been using the same washcloth for the last month and a half.

9.      We do not receive sufficient supplies to clean our cell. We use one sponge a month to clean it. Our cell bars are not cleaned, nor are the bunks or walls. When our food is passed out, it is distributed to us through these same dirty bars. Trustees used to clean some of these items, but many of them have been infected with COVID-19 and quarantined, so they cannot clean anymore. Maintenance only sweeps and mops the floor and empties the trash. We receive one brush to clean the toilet per month.

10.     We have to clean the bathrooms, toilets, and showers. Every day, one of us takes a turn. We only have one pair of yellow gloves, one rag, and one sponge to clean. These same supplies are used by a new inmate every day and are not cleaned in between uses.

11. We use videoconferencing equipment in the law library to visit with our attorneys and attend court appointments. The videoconferencing equipment used for communications are not cleaned. The room itself is only mopped.

12. Initially, we had been provided no information about COVID-19. After the lawsuit was filed, a sign telling us to wash our hands was posted, but it fell off the wall and was destroyed. The deputies continue to tell us that nothing is wrong. We get all of the information about COVID-19 and the quarantines around the jail from the trustees.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

April 30, 2020                            /s/ Elizah Sheppard
                                          Elizah Sheppard

                                          *consent for signing given telephonically

Due to the COVID-19 crisis, it was not possible to obtain a written signature on the above declaration. I am an attorney admitted to the Eastern District of Michigan. On April 30, 2020, I personally spoke with Elizah Sheppard and read this declaration to her. Elizah Sheppard told me that the information in the above declaration is true, and gave me verbal consent to sign on her behalf.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

                                          /s/ Syeda F. Davidson
                                          Syeda F. Davidson