## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; DAVID KUCHARSKI; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated, | Case No. 20-cv-10949<br><br>Hon. Linda V. Parker |
| Plaintiffs, | |
| v. | |
| MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN, | |
| Defendants. | |

## PLAINTIFFS' MOTION TO UNSEAL
## DEPUTY GARY MCCLURE'S LETTER

Plaintiffs Jamaal Cameron, Richard Briggs, Raj Lee, Michael Cameron, and Matthew Saunders respectfully move to unseal the letter sent to the court by Deputy Gary McClure (Docket No. 54). On May 8, 2020, Plaintiffs' counsel notified Defense counsel via email of Plaintiffs' intent to file a motion to unseal Deputy McClure's letter and sought Defense counsel's consent to the motion. Defense counsel declined to consent to the motion. The grounds for this motion are set forth in the Brief in Support of Plaintiffs' Motion to Unseal.

Respectfully Submitted,

/s/ Krithika Santhanam
Krithika Santhanam (DC Bar No. 1632807)
Thomas B. Harvey (MBE #61734MO)
Advancement Project National Office
1220 L Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 728-9557
Ksanthanam@advancementproject.org
Tharvey@advancementproject.org


/s/ Philip Mayor
Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org


/s/  Alexandria Twinem
Alexandria Twinem (D.C. Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6126  Fax: 202-609-8030
alexandria@civilrightscorps.org

/s/ Cary S. McGehee
Cary S. McGehee (P42318)
Kevin M. Carlson (P67704)
Pitt, McGehee, Palmer,
Bonanni & Rivers, PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
cmcgehee@pittlawpc.com
kcarlson@pittlawpc.com


/s/ Allison L. Kriger
Allison L. Kriger (P76364)
LaRene & Kriger, PLC
645 Griswold, Suite 1717
Detroit, MI 48226
(313) 967-0100
Allison.kriger@gmail.com

Attorneys for Plaintiffs/Petitioners

Dated: May 11, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD
BRIGGS; RAJ LEE; MICHAEL
CAMERON; DAVID KUCHARSKI;
MATTHEW SAUNDERS,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

       v.

MICHAEL BOUCHARD, in his
official capacity as Sheriff of Oakland
County; CURTIS D. CHILDS, in his
official capacity as Commander of
Corrective Services; OAKLAND
COUNTY, MICHIGAN,

       Defendants.

Case No. 20-cv-10949

Hon. Linda V. Parker

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO UNSEAL DEPUTY GARY MCCLURE'S LETTER

# INTRODUCTION

Plaintiffs Jamaal Cameron, Richard Briggs, Raj Lee, Michael Cameron, and Matthew Saunders respectfully move to unseal the letter from Deputy Gary McClure, which was entered as ECF Docket No. 54 on May 6, 2020.

Even under ordinary circumstances, "[o]nly the most compelling reasons can justify" keeping a court record sealed from public view. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).[1]  And these are not ordinary circumstances.  A deadly pandemic is rampaging through jails across the country.  And instead of upholding its constitutional obligations to protect those in its custody, the Oakland County Jail is exposing people to the virus as punishment, and threatening public health in the process.  It is difficult to imagine a case in which the public interest in access to court records would be stronger.  Only an exceedingly strong justification, therefore, can warrant continuing to seal court records here.  *See id.*

Defendants cannot demonstrate anything close to the "compelling reasons" that would be required to keep the McClure letter sealed.  It should, therefore, be unsealed.[2]

---

[1] Unless otherwise specified, all internal quotation marks, citations, and alterations are omitted throughout this motion.

[2] Plaintiffs do not object to Deputy McClure's phone number being redacted.

## STANDARD OF REVIEW

A party advocating to keep court records sealed "must analyze in detail . . . the propriety of secrecy, providing reasons and legal citations." *Shane*, 825 F.3d at 305-06.  Conclusory assertions that disclosure might cause harm are insufficient. The proponent of sealing must provide "*specific* fact[s]" demonstrating the "*specific*" harm that will result if the document is not kept secret.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178, 1184 (9th Cir. 2006); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (requiring "particular and specific demonstration of fact" even to meet lower standard that applies to discovery documents).  And it must show that this harm outweighs the strong presumption of public access to court records.  *See Shane*, 825 F.3d at 307. Even then, any sealing must be "narrowly tailored." *Id.* at 305.  A whole document cannot be kept sealed when redaction will suffice.

## ARGUMENT

It's well-established that the public has a right to access court records—a right protected by both the First Amendment and the common law.  *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983).  There is, therefore, "a strong presumption in favor of openness as to court records."  *Shane*, 825 F.3d at 305.  In light of this "strong presumption," a party advocating to keep court records sealed bears a "heavy" burden: They must

demonstrate "a compelling reason" for sealing, sufficient to overcome the public's right to access court records. *Id.* Defendants have not—and cannot—do so.[3]

**1.** The burden for keeping court records sealed is particularly "heavy" in this case. As the Sixth Circuit has explained, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption" of public access to court records. *Shane*, 825 F.3d at 305.

This lawsuit is of great public importance. The spread of Covid-19 in the Oakland County Jail directly threatens public health, not just inside the jail but in the surrounding community—the worse the outbreak in the jail, the more likely it is that guards and medical personnel will bring the virus home to their families and neighborhoods. *See* Docket No. 33, at 6; *cf. Brown & Williamson*, 710 F.2d at 1180 ("The public has a strong interest in obtaining the information contained in the court record," where the "litigation potentially involves the health of citizens."). Furthermore, the public has a strong interest in documents that shed light on how the jail is being operated and whether (or not) government officials are obeying the Constitution. *Cf. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) (where court record "involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor

---

[3] Pursuant to Local Rule 7.1(a), Plaintiffs sought concurrence from counsel for Defendants in this motion, and Defendants indicated that they will not consent.

weighing against entering or maintaining an order of confidentiality").

And finally, because this lawsuit is a class action, "by definition some members of the public are also parties to the case." *Shane*, 825 F.3d at 305. Denying the public access to any court records here thus denies access to unnamed class members—people whose interests will be directly affected by the litigation. "[T]he standards for denying public access," therefore, "should be applied with particular strictness." *Id.*

**2.** Defendants have not come close to meeting the strict standard required to keep the McClure letter sealed.  Plaintiffs do not quarrel with the Court's decision to provisionally seal the letter given the unconventional way in which it was filed and given the initial concerns the court expressed for Deputy McClure's privacy. However, at the hearing on May 6, Defendants did not suggest that the letter should remain sealed and merely protested that the letter should not be given significant weight in light of its supposedly inflammatory nature and Deputy McClure's supposed prejudice towards Defendant Bouchard.  But the mere conclusory assertion that the letter is potentially inflammatory falls far short of what is required to keep court records sealed, particularly when the letter comes from *an employee of the Jail* whose perspective may be particularly of interest to the public (and perhaps this Court).

For one thing, conclusory assertions are *never* sufficient to keep court

5

records sealed.  *See Kamakana*, 447 F.3d at 1182; *Joy v. North*, 692 F.2d 880, 894

(2d Cir. 1982) ("[A] naked conclusory statement that publication of the Report will

injure the bank in the industry and local community falls woefully short of the kind

of showing which raises even an arguable issue as to whether it may be kept under

seal.").  Keeping court records sealed requires a particular and specific

demonstration of fact showing that disclosure will cause "a clearly defined and

serious injury."  *See Shane*, 825 F.3d at 307; *supra* page 2.  Defendants have not

identified *any* harm that would result from disclosure, let alone made a *factual*

showing that a "clearly defined and serious injury" sufficient to overcome the

public's right to access court records will result if the McClure letter is unsealed.

Nor could they.  The law has long been clear that the possibility that court

records—even court records containing "unproven allegations"—"will expose a

party to reputational" harm does not outweigh the public's right to access them.

*United States v. Contents of Nationwide Life Ins Co. Account No. X0961 in name*

*of Warshak*, No. C-1-05-196, 2006 WL 971978, at *4 (S.D. Ohio Apr. 12, 2006)

(citing cases going back four decades).  As the Sixth Circuit has explained, "the

natural desire of parties to shield prejudicial information . . . cannot be

accommodated by courts without seriously undermining the tradition of an open

judicial system."  *Brown & Williamson*, 710 F.2d at 1180.  "Indeed, common sense

tells us that the greater the motivation a [party] has to shield its operations, the

greater the public's need to know." *Id.*[4]

Court records may not remain sealed simply because a party would prefer that the public not see them. A far more specific showing of far more serious harm is required. The Defendants cannot make this showing. The McClure letter should therefore be unsealed. Furthermore, courts have repeatedly stressed that where the public has a right to access court records, such access should be "immediate." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006) (collecting cases). Given the pressing importance to public health, the unsealing should occur now, rather than later.

## CONCLUSION

Because there is no compelling reason for sealing the McClure letter, it should be unsealed.

Respectfully Submitted,

/s/ Krithika Santhanam
Krithika Santhanam (DC Bar No. 1632807)
Thomas B. Harvey (MBE #61734MO)
Advancement Project National Office
1220 L Street, N.W., Suite 850
Washington, DC 20005

/s/ Cary S. McGehee
Cary S. McGehee (P42318)
Kevin M. Carlson (P67704)
Pitt, McGehee, Palmer,
Bonanni & Rivers, PC
117 W. Fourth Street, Suite 200

---

[4] Furthermore, it's difficult to imagine—and Defendants certainly have not demonstrated—that unsealing the McClure letter would have any additional impact on Defendants' reputation beyond that of the lawsuit itself and the court records and testimony that are already public.

7

Tel: (202) 728-9557
Ksanthanam@advancementproject.org
Tharvey@advancementproject.org

/s/ Philip Mayor
Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org

/s/  Alexandria Twinem
Alexandria Twinem (D.C. Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6126  Fax: 202-609-8030
alexandria@civilrightscorps.org

Royal Oak, MI 48067
248-398-9800
cmcgehee@pittlawpc.com
kcarlson@pittlawpc.com

/s/ Allison L. Kriger
Allison L. Kriger (P76364)
LaRene & Kriger, PLC
645 Griswold, Suite 1717
Detroit, MI 48226
(313) 967-0100
Allison.kriger@gmail.com

Attorneys for Plaintiffs/Petitioners

Dated: May 11, 2020

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on May 11, 2020.

        Signature:  <u>/s/ Carrie Bechill</u>
                    117 W. Fourth Street, Suite 200
                    Royal Oak, MI 48067
                    (248) 398-9800
                    cbechill@pittlawpc.com