UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JAMAAL CAMERON; RICHARD
BRIGGS; RAJ LEE; MICHAEL
CAMERON; MATTHEW
SAUNDERS, individually and on
behalf of all others similarly situated,

                                    Case 2:20-cv-10949-LVP-MJH

    Plaintiffs,

v.

MICHAEL BOUCHARD, in his
official capacity as Sheriff of Oakland
County; CURTIS D. CHILDS, in his
official capacity as Commander of
Corrective Services; OAKLAND
COUNTY, MICHIGAN,

    Defendants.

_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO UNSEAL DEPUTY GARY McCLURE'S LETTER

NOW COME Defendants, MICHAEL BOUCHARD, CURTIS D. CHILDS and

OAKLAND COUNTY, by and through their attorneys, POTTER, DeAGOSTINO,

O'DEA & CLARK, hereby request the Court to deny Plaintiff's Motion to Unseal for

the reasons set forth in the brief accompanying this Motion.

                        /s/ STEVEN M. POTTER (P33344)
                        Attorney for Defendants
                        2701 Cambridge Court, Suite 223
                        Auburn Hills, Michigan 48326
                        (248) 377-1700/spotter@potterlaw.com

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO UNSEAL DEPUTY GARY McCLURE'S LETTER

### INTRODUCTION

Trial courts have always been afforded the power to seal records when interests of privacy outweigh the public's right to know. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) *Brown & Williamson*, 710 F.2d at 1179; *In Re Halkin*, 598 F.2d 176, 190–192 (D.C.Cir.1979); *Ottaway Newspapers, Inc. v. Appeals Court*, 372 Mass. 539, 362 N.E.2d 1189 (1977) (sealing of record at preliminary injunction stage of judicial proceedings between bank and state banking commissioner not an unconstitutional infringement on free press guaranty). Plaintiffs assert Defendants conduct has exposed inmates to the virus as punishment and threatens the public in the process. Thus, Plaintiffs request that a letter from a disgruntled employee that minimally discusses issues material to this case be unsealed for public interests. The realty is that the Oakland County Jail has prevented an exponential outbreak in the jail demonstrated by recently completed testing of the inmate population.

Due to the lack of relevance of the "letter," it is clear that Plaintiffs solely want to unseal Deputy McClure's letter in an effort to continue to slander and libel Sheriff Bouchard despite the lack of outbreak at the Oakland County Jail which Plaintiff claims has been "imminent" since April 17 when they filed suit.

2

## STANDARD OF REVIEW

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). The decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Shane Grp., Inc*, 825 F.3d at 306.

## ARGUMENT

### 1.    "Compelling Reason"

"The right to inspect and copy judicial records is not absolute. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to **gratify private spite or promote public scandal** through the publication of the painful and sometimes disgusting details of a divorce case." *Nixon*, 435 U.S. at 598; *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893). (emphasis supplied) accord, e. g., C. v. C., 320 A.2d 717, 723, 727 (Del.1974). See also *King v. King*, 25 Wyo. 275, 168 P. 730 (1917). Similarly, courts have refused to permit their

files to serve as reservoirs of libelous statements for press consumption. *Nixon*, 435 U.S. at 598*; Park v. Detroit Free Press Co.*, 72 Mich. 560, 568, 40 N.W. 731, 734–735 (1888); see *Cowley v. Pulsifer*, 137 Mass. 392, 395 (1884) (per Holmes, J.); *Munzer v. Blaisdell*, 268 App.Div. 9, 11, 48 N.Y.S.2d 355, 356 (1944); see also *Sanford v. Boston Herald-Traveler Corp*., 318 Mass. 156, 158, 61 N.E.2d 5, 6 (1945), or as sources of business information that might harm a litigant's competitive standing, see, e. g., *Schmedding v. May*, 85 Mich. 1, 5–6, 48 N.W. 201, 202 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J.Ch.1945).

The "letter" Plaintiffs wish to unseal is nothing more than Deputy McClure's written reflection of his "private spite" towards Sheriff Bouchard. *Nixon supra.* Similarly, the "letter" is replete with libelous statements. This alone provides the basis to seal the "letter." *Id.* Deputy McClure's letter discusses the following:

- Baseless criticism of Defendants for hiring an attorney

- Baseless criticism of leadership

- The alleged lack of self-addressed envelopes in the jail

- An alleged attack by an inmate on a guard

- How long inmates are locked-up during the day

- Covid-19 positive inmates are allegedly housed with general population because its impossible to know if an inmate has Covid-19

4

- Trustees are reluctant to report symptoms out of fear of losing trustee status

- Without mandatory testing, no one will ever know the full extent of infections

- Inmates are being denied their request to be tested

The majority of the above topics are not material to the adjudication of this lawsuit. With regard to the issues in the "letter" that are tangentially related to Covid-19, the "letter" reflects Deputy McClure's ignorance of this initiative to test every inmate that began May 1st (a day before McClure's letter) due to the Health Department supplying 1,000 tests to the Oakland County Jail. This testing was recently completed and renders Deputy McClure's allegations and/or "concerns" moot.

When a court considers unsealing a document the document is evaluated on a continuum from matters that directly affect an adjudication to matters that are irrelevant. *Tilmon-Jones v. Bridgeport Music, Inc.*, No. 11-13002, 2013 WL 3279168, at *2 (E.D. Mich. June 4, 2013); *United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2nd Cir.1995). Here, the "letter" is irrelevant, contains factually incorrect statements, and was not relied upon in the preliminary injunction hearings. As such, the Court should prevent Deputy McClure, a non-party to the litigation from using this Honorable Court as an improper vehicle to publicize libelous comments against

Defendants and keep the "letter" sealed from public view. *Nixon*, 435 U.S. at 598; *Shane Grp., Inc.,* 825 F.3d at 305.

As the Second Circuit has explained, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Tilmon-Jones v. Bridgeport Music, Inc*., No. 11-13002, 2013 WL 3279168, at *2 (E.D. Mich. June 4, 2013); *United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2nd Cir.1995). Again, the majority of the topics addressed in the "letter" have nothing to do with Covid-19; the resultant value of the "letter" is zero. The "letter" contains nothing more than speculation and libelous statements against Sheriff Bouchard, who Deputy McClure has a history of animosity towards.

"The court should consider the reliability of the information. Raw, unverified information should not be as readily disclosed as matters that are verified. Similarly, a court may consider whether the nature of the material is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *Tilmon-Jones v. Bridgeport Music, Inc*., No. 11-13002, 2013 WL 3279168, at *2 (E.D. Mich. June 4, 2013); (citing) *United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2nd Cir.1995). As discussed above, Deputy McClure's statements regarding the presence of Covid-19 in the jail and corresponding testing are categorically false and

therefore unreliable. Defendants have not had an opportunity to respond to the accusations contained therein, as no discovery has been completed. If the "letter" is unsealed, the Court would be permitting its files to serve as a reservoir for hearsay and libelous statements without the ability for Defendants to conduct cross-examination. Moreover, it will result in reputational harm against Defendants, and misinformation to the public.

### 2.    Plaintiffs' Authority

The instant action is easily distinguishable from Plaintiff's cited authority. Plaintiffs cite *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). In *Shane Grp., Inc,* the Court had sealed most of the parties' substantive filings including 200 exhibits and an expert report. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 302 (6th Cir. 2016). The Sixth Circuit stated in *Shane* that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Shane Grp., Inc*., 825 F.3d at 305; *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 545 (7th Cir. 2002). Additionally in *Shane*, the Sixth Circuit states that "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Shane Grp., Inc*., 825 F.3d at 305; *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); see also, e.g., Baxter, 297 F.3d at 546. In the instant

7

action, all of the parties' filings have been made public including all of the exhibits and the inspection report, and discovery has not officially been commenced. A single unverified, libelous letter obtained at the preliminary injunction stage of the lawsuit does not carry the same weight as the documents that were sealed in *Shane*.

Moreover, because discovery has not commenced, sealing the "letter" is proper pursuant to *Shane, supra*. The public interest in unsealing Deputy McClure's letter is non-existent because Deputy McClure's personal opinions of Sheriff Bouchard has no bearing on the instant litigation. Deputy McClure is not a party to this case and has not been called as a witness. Whereas, the harm against Defendants' reputation is great because Defendants have not had an opportunity to respond to the baseless allegations.

WHEREFORE, Defendants, MICHAEL BOUCHARD, CURTIS D. CHILDS and OAKLAND COUNTY, by and through their attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, hereby request the Court to deny Plaintiff's Motion to Unseal.

Respectfully submitted,

/s/ STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Dated: May 13, 2020     Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/ STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

9