UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JAMAAL CAMERON; RICHARD BRIGGS;
RAJ LEE; MICHAEL CAMERON; MATTHEW
SAUNDERS, individually and on behalf of all
others similarly situated,

            Case 2:20-cv-10949-LVP-MJH

   Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity
as Sheriff of Oakland County; CURTIS D. CHILDS,
in his official capacity as Commander of Corrective
Services; OAKLAND COUNTY, MICHIGAN,

   Defendants.

_____

## DEFENDANTS' ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES

   NOW COME Defendants, MICHAEL BOUCHARD, CURTIS D. CHILDS and

OAKLAND COUNTY, by and through their attorneys, POTTER, DeAGOSTINO,

O'DEA & CLARK, and for their Answer to Petition for Writ of Habeas Corpus and

Complaint for Injunctive and Declaratory Relief, hereby state as follows:

   1.   Defendants lack sufficient information or knowledge upon which to

admit the allegations contained therein and therefore deny same.

2.     In answer to paragraph 2, denied as untrue with regard to the Oakland County Jail.

3.     In answer to paragraph 3, denied as untrue with regard to the Oakland County Jail.

4.     In answer to paragraph 4, denied as untrue with regard to the Oakland County Jail.

5.     Defendants deny the allegations contained therein for the reason they are untrue.

6.     Defendants deny the allegations contained therein for the reason they are untrue.

7.     Defendants deny the allegations contained therein for the reason they are untrue.

8.     No answer is required of Defendants.

**JURISDICTION AND VENUE**

9.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

10.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

## PARTIES

11.     Defendants deny the allegations contained therein for the reason they are untrue.

12.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

13.     Defendants deny the allegations contained therein for the reason they are untrue.

14.     Defendants deny the allegations contained therein for the reason they are untrue.

15.     Defendants deny the allegations contained therein for the reason they are untrue.

16.     Defendants deny the allegations contained therein for the reason they are untrue.

17.     Defendants admit the allegations contained therein.

18.     Defendants deny the allegations contained therein for the reason they are untrue.

## THE GRAVE RISK OF HARM POSED BY THE COVID-19 PANDEMIC REQUIRES AN EMERGENCY RESPONSE

19.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

3

20.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

21.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

22.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

23.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

24.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

25.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

26.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

27.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

28.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

4

29.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

30.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

## INCARCERATED PEOPLE AND CORRECTIONAL STAFF ARE AT HEIGHTENED RISK DURING THE COVID-19 PANDEMIC

31.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

32.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

33.     In answer to paragraph 33, denied as untrue with regard to the Oakland County Jail.

34.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

35.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

36.     Defendants admit the allegations contained therein.

37.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

38.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

39.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

40.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

41.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

42.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

43.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

44.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

45.     Defendants admit the allegations contained therein.

46.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

47.     Defendants admit the allegations contained therein.

48.     Defendants admit the allegations contained therein.

**THE COVID-19 PANDEMIC HAS REACHED OAKLAND COUNTY AND
SWIFT ACTION IS NEEDED TO PREVENT A MASS OUTBREAK IN
THE JAIL**

49.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

50.     Defendants admit the allegations contained therein.

51.     Defendants admit the allegations contained therein.

52.     Defendants admit the allegations contained therein.

53.     Defendants admit the allegations contained therein.

54.     Defendants admit the allegations contained therein.

55.     Defendants admit the allegations contained therein.

56.     Defendants deny the allegations contained therein for the reason they are untrue.

57.     Defendants deny the allegations contained therein for the reason they are untrue.

58.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

59.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

60.     Defendants deny the allegations contained therein for the reason they are untrue.

61.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

**DEFENDANTS' RESPONSES TO THE COVID-19 PANDEMNIC AARE CONSTITUTIONALLY DEFICIENT AND PLACE THE PEOPLE IN ITS CUSTODY AT HEIGHTENED RISK**

62.     In answer to paragraph 62, admitted that Defendants are aware of the heightened threat of Covid in jails.

63.     Defendants deny the allegations contained therein for the reason they are untrue.

64.     Defendants deny the allegations contained therein for the reason they are untrue.

65.     Defendants deny the allegations contained therein for the reason they are untrue.

66.     Defendants deny the allegations contained therein for the reason they are untrue.

67.     Defendants deny the allegations contained therein for the reason they are untrue.

68.     Defendants deny the allegations contained therein for the reason they are untrue.

69.     Defendants deny the allegations contained therein for the reason they are untrue.

70.     Defendants deny the allegations contained therein for the reason they are untrue.

71.     Defendants deny the allegations contained therein for the reason they are untrue.

72.     Defendants deny the allegations contained therein for the reason they are untrue.

73.     Defendants deny the allegations contained therein for the reason they are untrue.

74.     Defendants deny the allegations contained therein for the reason they are untrue.

75.     Defendants deny the allegations contained therein for the reason they are untrue.

76.     Defendants deny the allegations contained therein for the reason they are untrue.

77.    Defendants deny the allegations contained therein for the reason they are untrue.

78.    Defendants deny the allegations contained therein for the reason they are untrue.

79.    Defendants deny the allegations contained therein for the reason they are untrue.

80.    Defendants deny the allegations contained therein for the reason they are untrue.

**IMMEDIATE RELEASE OF THE MEDICALLY VULNERABLE IS THE ONLY RESPONSE THAT SERVES PUBLIC HEALTH, COMMUNITY SAFETY, AND THE INDIVIDUAL SAFETY OF EACH SUBCLASS MEMBER**

81.    Defendants deny the allegations contained therein for the reason they are untrue.

82.    Defendants deny the allegations contained therein for the reason they are untrue.

83.    Defendants deny the allegations contained therein for the reason they are untrue.

84.    Defendants deny the allegations contained therein for the reason they are untrue.

85.    Defendants admit the allegations contained therein.

86.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

87.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

88.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

89.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

90.     Defendants deny the allegations contained therein for the reason they are untrue.

91.     Defendants deny the allegations contained therein for the reason they are untrue.

92.     Defendants deny the allegations contained therein for the reason they are untrue.

## CLASS ACTION ALLEGATIONS

93.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

94.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

95.    Defendants deny the allegations contained therein for the reason they are untrue.

96.    Defendants deny the allegations contained therein for the reason they are untrue.

97.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

98.    Defendants deny the allegations contained therein for the reason they are untrue.

99.    Defendants deny the allegations contained therein for the reason they are untrue.

100.    Defendants deny the allegations contained therein for the reason they are untrue.

101.    Defendants deny the allegations contained therein for the reason they are untrue.

102.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

103.    Defendants deny the allegations contained therein for the reason they are untrue.

104. Defendants deny the allegations contained therein for the reason they are untrue.

## DEFENDANTS' FAILURE TO ADEQUATELY MITIGATE AGAINST THE SPREAD OF COVID-19 IS OBJECTIVELY UNREASONABLE AND VIOLATES THE EIGHTH AND FOURTEENTH AMENDMENT RIGHTS OF PETITIONERS/PLAINTIFFS AND CLASS MEMBERS

105. Defendants deny the allegations contained therein for the reason they are untrue.

106. Defendants admit the allegations contained therein.

107. Defendants deny the allegations contained therein for the reason they are untrue.

108. Defendants deny the allegations contained therein for the reason they are untrue.

109. Defendants deny the allegations contained therein for the reason they are untrue.

110. In answer to paragraph 110, denied as untrue that Defendants are maintaining unconstitutional conditions of confinement.

111. Defendants deny the allegations contained therein for the reason they are untrue.

112. Defendants deny the allegations contained therein for the reason they are untrue.

## CLAIMS FOR RELIEF

## COUNT I: Declaratory and Injunctive Relief for Violation of the Eighth Amendment
## (42 U.S.C. § 1983)
*Jail Class and Post-conviction Subclass versus all Defendants*

113.   Defendants repeat and reallege Paragraphs 1 through  112 of their Answer as though more fully set forth herein.

114.   Defendants admit the allegations contained therein.

115.   Defendants admit the allegations contained therein.

116.   Defendants deny the allegations contained therein for the reason they are untrue.

117.   Defendants deny the allegations contained therein for the reason they are untrue.

118.   Defendants deny the allegations contained therein for the reason they are untrue.

119.   Defendants deny the allegations contained therein for the reason they are untrue.

120.   Defendants deny the allegations contained therein for the reason they are untrue.

**COUNT II: Declaratory and Injunctive Relief for Violation of the Fourteenth Amendment (42 U.S.C. § 1983)**
*Pretrial Subclass versus All Defendants*

121.   Defendants repeat and reallege Paragraphs 1 through 120 of their Answer as though more fully set forth herein.

122.   Defendants admit the allegations contained therein.

123.   Defendants deny the allegations contained therein for the reason they are untrue.

124.   Defendants deny the allegations contained therein for the reason they are untrue.

125.   Defendants deny the allegations contained therein for the reason they are untrue.

126.   Defendants deny the allegations contained therein for the reason they are untrue.

**Count III: Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**
*Medically-Vulnerable Subclass versus all Defendants*

Count III of Plaintiffs' Complaint was addressed in Defendants' Motion to Dismiss.

**COUNT IV: Declaratory and Injunctive Relief for Violation of the Fourteenth Amendment (42 U.S.C. § 1983)**
*Medically Vulnerable Subclass versus All Defendants*

131.   Defendants repeat and reallege Paragraphs 1 through 130 of their Answer as though more fully set forth herein.

132.   Defendants deny the allegations contained therein for the reason they are untrue.

133.   Defendants deny the allegations contained therein for the reason they are untrue.

134.   Defendants deny the allegations contained therein for the reason they are untrue.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

16

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, MICHAEL J. BOUCHARD, CURTIS D. CHILDS and OAKLAND COUNTY, by and through their attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby submit the following as their affirmative defenses:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      To the extent Plaintiffs allege vicarious or respondeat superior liability under 42 U.S.C. § 1983, such claims are barred.

3.      Some or all of Plaintiff's' claims are barred by application of the doctrine set forth in *Heck v Humphrey*.

4.      Some or all of Plaintiffs' claims are barred by application of the doctrines of res judicata, collateral estoppel or issue preclusion.

5.      Plaintiffs' claims are otherwise barred by absolute or qualified immunity under federal law.

6.      Defendants' actions were not the proximate cause of Plaintiffs' injuries and damages.

7.      Defendants are immune from punitive damages in an action under 42 U.S.C. § 1983.

8.      The conduct alleged against Defendants is insufficient to support a claim of punitive damages.

9.     That Plaintiffs' Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

10.     Some or all of Plaintiffs' claims are barred by the *Rooker-Feldman Doctrine*.

11.     Plaintiffs' civil and/or constitutional rights have not been violated.

12.     That Plaintiffs' cause of action is barred in total, or at least in part, for the reason that Plaintiffs have not been deprived of any rights, privileges or immunities secured by the Constitution or laws of the State of Michigan.

13.     Defendants did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in Plaintiffs' Complaint, nor did any such customs, policies and/or procedures originate from a decision maker with final policy making authority.

14.     Defendants did not act with deliberate indifference as to any known or obvious consequences with respect to the activities alleged in Plaintiffs' Complaint and/or as to any constitutional violations.

15.     All training and/or discipline provided to Defendants was adequate to the tasks they were to perform and any alleged inadequacies were not the actual or

proximate cause of Plaintiffs' alleged injuries or damages, nor did they cause the constitutional violations as alleged by Plaintiffs.

16. Defendants' conduct was not extreme or outrageous.

17. That Plaintiffs' Complaint is barred for the reason that Plaintiffs have failed to allege the deprivation of a specific constitutional right.

18. Plaintiffs have not alleged sufficient facts to show a violation of clearly established law as of the time of the occurrence relative to the conduct of Defendants, exclusively.

19. Plaintiffs have failed to mitigate their damages.

20. That Plaintiffs' injuries and damages, if any, were not caused in whole or in part by any acts of negligence of these Defendants, but instead were caused in whole or in part by the negligence and/or comparative negligence of Plaintiffs.

21. That Plaintiffs' injuries and damages, if any, were not caused in whole or in part by any act of negligence on the part of these Defendants, but instead were caused in whole or in part by actions of third-parties over whom these Defendants had no control.

22. Plaintiffs' claims are barred for the reason they have not complied with the requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq*.

23.     Plaintiffs' claims are barred for the reason they have failed to exhaust the required administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq*.

24.     Plaintiffs have not suffered a physical injury and thus are not entitled to damages related to mental or emotional injuries. 42 U.S.C §1997e, *et seq*.

25.     Plaintiffs' claims are barred for the reason Plaintiffs have not exhausted required state available state remedies. 28 U.S.C. § 2254.

26.     Plaintiffs are not entitled to a prisoner release order under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq,* because there is no prior order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied. 18 U.S.C. § 3626.

27.     Plaintiffs are not entitled to a prisoner release order under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq,* because Defendants have not had a "reasonable amount of time to comply with the previous court orders."  18 U.S.C. § 3626.

28.     Plaintiffs are not entitled to a prisoner release order under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq,* without impaneling a three (3) judge panel.

29.     Plaintiffs are not entitled to a prisoner release order under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq,* because crowding is not the primary cause of the alleged violation of their Federal rights and Plaintiffs are unable to show no other relief will remedy the alleged violation. 18 U.S.C. § 3626.

30.     Habeas corpus is not available for Plaintiffs' Eighth and Fourteenth Amendment claims.

31.     Plaintiffs' class claims are barred for the reason they fail to satisfy the requirements of FRCP 23.

32.     Plaintiffs' class claims are barred for the reason they have failed to exhaust administrative remedies. 42 U.S.C §1997e, *et seq.*

33.     Plaintiffs' class claims are barred for the reason they have not exhausted required state available state remedies. 28 U.S.C. § 2254.

34.     That Defendants reserve the right to amend these affirmative defenses in accordance with federal procedural law.

<div style="margin-left:40%">

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

</div>

Dated:  May 15, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

s/STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com