UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JAMAAL CAMERON; RICHARD
BRIGGS; RAJ LEE; MICHAEL
CAMERON; MATTHEW
SAUNDERS, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

MICHAEL BOUCHARD, in his
official capacity as Sheriff of Oakland
County; CURTIS D. CHILDS, in his
official capacity as Commander of
Corrective Services; OAKLAND
COUNTY, MICHIGAN,

    Defendants.

Case 2:20-cv-10949-LVP-MJH

_____

# **DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF APPEAL AND REQUEST FOR IMMEDIATE CONSIDERATION**

NOW COMES Defendant, OAKLAND COUNTY, by and through its attorneys, POTTER DeAGOSTINO O'DEA & CLARK, and pursuant to FRCP 62, hereby request this Honorable Court issue a stay of proceedings pending determination of Defendant's emergency appeal. Defendant requests immediate consideration of its Motion.

          POTTER, DeAGOSTINO, O'DEA & CLARK

          s/ STEVEN M. POTTER (P33344)
          s/ ROBERT C. CLARK (P76359)
          Attorneys for Defendants
          2701 Cambridge Court, Suite 223
          Auburn Hills, Michigan 48326
          (248) 377-1700

Dated: May 21, 2020    spotter@potterlaw.com
          rclark@potterlaw.com

## BRIEF IN SUPPORT OF MOTION

### I. Factual Background

The Court is well familiar with the factual background of the instant action. For purposes of brevity, Defendants' incorporate by reference the factual background set forth in their Motion to Dismiss Plaintiffs' Petition for Habeas Corpus.

#### A. Procedural History

Plaintiffs, all convicted felons, filed the instant action on April 17, 2020.

Plaintiffs' Petition, titled "Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief" seeks class certification for potentially all inmates incarcerated at Oakland County Jail and requests their release from jail.

On April 23, 2020, Defendants filed their Motion to Dismiss Plaintiffs' Petition for Habeas Corpus, Claims against Bouchard and Childs and Response to Plaintiff's Motion for Temporary Restraining Order.

On April 27, 2020, Plaintiffs' filed their Response to Defendants' Motion.

On May 21, 2020, the Court issued its Opinion and Order denying Defendants' Motion to Dismiss Plaintiff's Petition for Habeas Corpus.

On May 21, 2020, Defendant timely filed its Notice of Appeal.

## **ARGUMENT**

### I.    The Court Should Stay the Instant Action Pending Appeal

A.    Plaintiffs' Habeas Claims

In its Opinion, the Court stated:

> The record shows that the congregate nature of a jail facility makes it impossible to put in place and enforce precautionary measures and, thereby, ensure the reasonable safety of medically-vulnerable inmates.
>
> \*   \*   \*
>
> Considering the weight of the public health evidence demonstrating the medically-vulnerable population's unique, specific, and life-threatening susceptibility to COVID-19 - paired with the communal nature of jail

> facilities, **the Court finds that home confinement or early release is the only reasonable response to this unprecedented and deadly pandemic**. In other words, the inherent characteristics of the Jail cannot be altered to any extent that would make it safe enough to protect the members of the Medically-Vulnerable Subclass from the potentially lethal combination of their unique vulnerabilities and COVID-19's health shattering consequences. **Any response other than release or home confinement placement constitutes deliberate indifference**. (R.57, Opinion and Order, pp. 57-59; Page ID#3043-3045)(emphasis supplied).

This Court's findings in its Opinion setting forth a universal mandate nonspecific to prison systems (regardless of state or federal) are unprecedented and without authority. It is precisely the type of issue that should be addressed by the Sixth Circuit prior to the implementation of such an unprecedented procedure (i.e. release of medically vulnerable inmates). Simply put, the Court's express findings that "home confinement or early release is the only reasonable response" for the medically vulnerable and "any response other than release or home confinement placement constitutes deliberate indifference" is the equivalent of granting Plaintiffs' habeas petition. The court has discretion to delay the release of a successful habeas petitioner in order to provide defendant an opportunity to correct the constitutional violation. *Hilton v Braunskill,* 481 US 770, 775 (1987). Specifically, "general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal..." *Id.* The

4

factors to be considered are 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Id.; Slyusar v Holder,* 740 F3d 1068, 1074 (6th Cir. 2014). Additionally, "the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered..." *Id* at 777-778. "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Serv Emps Int'l Union Local 1 v Husted*, 698 F3d 341, 343 (6th Cir.2012)(quotations and citations omitted).

Here, the above factors favor a stay of the release(s) of Plaintiffs. First, the state undoubtedly has an interest in continuing custody and rehabilitation as Plaintiffs have been convicted in Michigan state courts and are serving their respective sentences in Oakland County Jail.

### 1. Strong Likelihood of Success

Defendant is able to make a strong showing of success. *Hilton, supra*. It is undisputed that no federal court has granted habeas to state prisoners under similar circumstances. This includes the fact that no federal court has granted habeas for state court prisoners due to concerns regarding COVID-19. Plaintiffs' counsel conceded

this during oral argument. Indeed, the only cases to date which have addressed state prisoners' requests for release denied same. *Money v Pritzker*,- - - F. Supp. 3d - - - , 2020 WL 1820660 (N.D. Ill, April 10, 2020); *Coleman & Plata v Newsom*, 2020 WL 1675775 (E.D. Cal April 4, 2020); *Nellson v Barnhart*, 2020 WL 1890670 (D.Colo. Apr. 16, 2020); *Baxley v Jividen*, 2020 WL 1802935 (S.D. W Va April 8, 2020); *Amos v Taylor*, 2020 WL 1978382 (N.D. Miss April 24, 2020). Despite this authority, this Court has determined that "home confinement or early release is the only reasonable response" for the medically vulnerable.

Absent binding authority, this Court determined Plaintiffs were excused from exhausting state remedies. Defendant has a strong likelihood of success on appeal regarding this issue in light of United States Supreme Court authority requiring a federal habeas petitioner to first exhaust state remedies. See, 28 U.S.C. § 2254(b)(1); *O'Sullivan v Boerckel*, 526 US 838, 845 (1999); *Duckworth v Serrano*, 454 US 1, 3 (1981)(holding the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights; *Irick v Bell*, 565 F3d 315, 323 (6th Cir.2009)" [A] federal habeas petitioner "must first exhaust the remedies available in state court by fairly presenting his federal claims before the state court; the federal court will not review unexhausted claims." Defendant is also able to

establish state corrective process was **available**[1] to Plaintiffs in light of multiple examples provided to the Court of inmates being released from OCJ as a result of concerns related to COVID-19. (R.70, PI Hearing Defendants' Exhibit E; R. 71, PI Hearing Defendants' Exhibit F; R. 82-4, *People v Chandler*, Michigan Supreme Court Case No. 161265[2]). In light of the lack of authority providing the relief obtained by Plaintiffs in this case, Defendant is entitled to a stay of this Court's order for the Sixth Circuit to determine whether such exhaustion is a pre-requisite for state prisoners seeking habeas in the COVID-19 context. Indeed, this issue relates to the crux of the Court's Preliminary Injunction requiring Defendant to provide a list of medically vulnerable inmates for purpose of release.

### 2. Irreparable Harm to Defendant

The irreparable harm to Defendant of releasing inmates is simple. In the event the Court's order is reversed subsequent to the release of medically vulnerable inmates (which the Court explicitly indicated would subsequently occur), Defendant will be required to locate and detain the inmates. The difficulty, if not impossibility,

---

[1] Although never discussed by the Court, all pretrial detainees have an attorney as part of their pending criminal matters.

[2] On April 29, 2020, Defendants sought leave to file a Supplemental Brief to their Motion to Dismiss. The Court denied Defendants' Motion, refused to permit Defendants an opportunity to file a Reply Brief in support of their Motion and ultimately struck Defendants' Supplemental Brief. This Order is also subject of Defendant's appeal.

of such an endeavor is obvious.

### 3. Substantial Injury to Plaintiffs/Inmates

While it is anticipated that Plaintiffs will argue they will sustain "substantial injury" by potentially contracting COVID-19 if the Court issues a stay, the statistics do not support such an argument. The first inmate to test positive for COVID-19 occurred on March 28. On May 1, 2020, an initiative to test the entire inmate population began. During that initiative, 468 inmates were tested, 186 inmates refused to be tested and only 3 inmates tested positive[3]. (R.83-1). Thus, there is no basis for Plaintiffs' argument that they **will** sustain "substantial injury" if this matter is stayed pending Defendant's appeal.

### 4. Public Interest

To the extent the Court's Order contemplates the eventual release of inmates, the public interest in Plaintiffs' remaining incarcerated pending the outcome of Defendant's appeal heavily weighs in favor of this Court granting a stay. All of Plaintiffs are convicted felons. The following is a summary of Plaintiffs' felony criminal histories:

Raj Lee's criminal history includes convictions of felony home invasion, felony

---

[3] The Court's Preliminary Injunction requires Defendant to continue testing of inmates thus implicitly recognizing the accuracy of Defendant's prior testing.

receiving and concealing stolen property, and most recently felony uttering and publishing countefeit bills or notes. (R.30-5)[4].

David Kucharski's criminal history includes convictions of felony receiving and concealing stolen property, felony attempted home invasion, misdemeanor operating a vehicle with a forgery/alteration/false ID, felony larceny in a building, felony home invasion (multiple convictions), felony attempted breaking and entering, felony tampering with electronic monitoring device and misdemeanor retail fraud. (R.30-5).

Jamaal Cameron's criminal history includes four convictions of felony uttering and publishing. (R.30-5).

Matthew Saunders' criminal history includes convictions of felony armed robbery, felony home invasion (1st degree), felony unlawful driving away of a motor vehicle, felony receiving/concealing stolen property, felony breaking and entering a vehicle (multiple convictions).

Richard Briggs' criminal history includes convictions of felony receiving and concealing stolen property (multiple convictions), felony attempted unlawful driving away of a motor vehicle (multiple convictions). (R.30-5).

---

[4] None of these criminal histories has ever been disputed by Plaintiffs during this litigation.

Michael Bates' criminal history includes convictions of misdemeanor larceny, felony larceny from a motor vehicle and felony receiving/concealing stolen property. (R.30-5).

Michael Cameron's criminal history includes convictions of felony receiving and concealing stolen property (multiple convictions) and felony unlawful driving away of a motor vehicle (multiple convictions). (R.30-5).

In light of these histories, it is readily apparent that Plaintiffs pose a threat[5] to the public and the public has an interest in Plaintiffs completing their sentences. Moreover, it should be noted that this does not include the numerous other individuals with significant criminal histories in the medically vulnerable subclass.

### B. The Court's Preliminary Injunction

The same analysis equally applies to the Court's Preliminary Injunction the provisions of which are set forth in its Order. In a context similar to the instant case, the district court and Fifth Circuit[6] recently granted defendants' motion to stay.

---

[5] Unfortunately, the significant threat to the public was recently displayed when 100 inmates released from Rikers Island were re-arrested shortly after their release. (See Craig McCarthy, Dozens of Rikers Inmates Arrested Again After Coronavirus Release, New York Post, May 12, 2020)

[6] The district court also temporarily stayed its preliminary injunction providing defendants the ability to appeal and the Fifth Circuit an opportunity to determine defendants' motion to stay. The same should occur in the instant case.

*Valentine v Collier*, 956 F3d 797 (5th Cir.2020). The same was granted in *Swain v Junior*, 2020 WL 2161317 (11th Cir. 2020).

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2003). Courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." See *Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir.2005). *Dulak v. Corizon Inc.*, No. 14-10193, 2014 WL 4678085, at *4 (E.D. Mich. June 9, 2014), report and recommendation adopted, No. 14-10193, 2014 WL 4678086 (E.D. Mich. Sept. 18, 2014). Where a prison inmate seeks an order enjoining state prison officials, the Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. See *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). Contrary to the above, the Court's Preliminary Injunction alters the status quo and enjoins state prison officials.

The four factors set forth above support staying the Court's Preliminary Injunction. In regard to Defendant's likelihood of success, Defendant incorporates by reference the arguments set forth in its Motion to Dismiss and Response to Plaintiffs' Motion for Class Certification. Plaintiffs have not complied with the requirements of the Prison Litigation Reform Act ("PLRA") including exhaustion of administrative remedies. This alone is fatal to their § 1983 claim and precludes injunctive relief. Moreover, the requirements of the PLRA are applicable to Plaintiffs' claims and neither Plaintiffs nor the Court have authored any binding authority establishing a federal district court has authority to release a state inmate under § 1983. Interestingly, the Chief Judge, Hon. Denise Page Hood, of this Court has previously agreed with Defendants' position. See, *Chambers v Bouchard*, 20-cv-10916; - - WL - - - (E.D. Mich. April 20, 2020). With respect to deliberate indifference, the Eleventh Circuit, recently held a district court erred in finding likelihood of success in similar circumstances as exist in the instant action. *Swain v Junior*, 2020 WL 2161317 (11th Cir. 2020). In regard to portions of the injunction that exceeded the recommendations of the CDC and/or set forth requirements that the OCJ implement its pre-existing policies, Defendants are also likely to succeed on the merits. See *Valentine, supra*.

The same arguments regarding the remaining factors also favor a stay of the Court's Preliminary Injunction. The Court's mandatory preliminary injunction

("particularly disfavored" by courts) requires Defendant to implement 22 various measures in the jail which will obviously result in irreparable harm. "Any time a state is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v King*, 567 US 1301 (2012). An "invasion of... federalism principles" results in "institutional injury." *Texas v United States Envt'l Protection Agency*, 829 F3d 405, 434 (5th Cir.2016). Here, the measures of prison policy in Michigan is assigned to the Michigan Department of Corrections. Despite the MDOC's authority, the Court's Order sets forth measures including affirmative hourly cleaning with products the jail is not currently in possession, the production of a list of medically-vulnerable subclass (in addition to providing supporting documentation) within three (3) business days, and the reconfiguration (including classification, security and housing systems) of portions of the jail. Not only is the Court's Order unprecedented in its supervision of a county jail, the Order requires Defendant to implement measures not even considered by the CDC. Thus, the injunction prevents Defendant from "effectuating the Legislature's choice and hence imposes irreparable injury." *Valentine*, 956 F3d at 803.

By its numerous requirements, the injunction also creates an "administrative nightmare" for Defendant. *Valentine, supra*. Such a consequence was noted by the

*Valentine* court in determining defendant would suffer irreparable harm if the order was not stayed. As the court stated, "the burden upon [defendant] in terms of time, expense, and administrative red tape is too great while it must respond in other ways to the crisis." *Id* (citations and quotations omitted). Here, the Court's Order requiring Defendant to affirmatively enact new measures including but not limited to the management of housing units, cells and corresponding protocols regarding same places extensive administrative requirements on Defendant at a time while they are already implementing and executing policies which have limited positive inmates to six (6) as of the present date.

Plaintiffs are unable to show substantial injury if the preliminary injunction is not stayed. In order to make such a showing, Plaintiffs must show they will "suffer irreparable injuries even after accounting for the protective measures" taken by Defendant. *Id* at 804. The statistics of Defendant's testing establish Plaintiffs are unable to make such a showing. For the same reasons stated in *Valentine, supra*, Plaintiffs are unable to show they will suffer substantial injury if the preliminary injunction is not stayed. *Id.*

Finally, the public interest also favors a stay. "Because the state is the appealing party, its interest and harm merge with that of the public." *Veasey v Abbott*,

870 F3d 387, 391 (5th Cir.2017)(citing *Nken v Holder*, 556 US 418, 425-26 (2009)). In light of the foregoing, this factor favors a stay. See, *Valentine*, 956 F3d at 804.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Honorable Court stay its Order (including the provisions of same) dated May 21, 2020 pending Defendant's appeal for the reasons set forth above.

Respectfully submitted,

POTTER DeAGOSTINO O'DEA & CLARK

s/ STEVEN M. POTTER (P33344)
s/ ROBERT C. CLARK (P76359)
Attorney for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated: May 21, 2020    spotter@potterlaw.com
rclark@potterlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

/s/ STEVEN M. POTTER (P33344)
Attorney for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

15