IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN,<br><br>      Defendants. | Case No. 20-cv-10949<br><br>Hon. Linda V. Parker |

**PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION**

Plaintiffs move for reconsideration on the narrow issue of the Court's dismissal of Sheriff Bouchard as a defendant in this case. The Sheriff is a necessary party independent of the County and should not be dismissed at this stage of the proceedings for two reasons.

First, as it pertains to medically vulnerable Plaintiffs' claim for habeas relief under 28 U.S.C. § 2241, Sheriff Bouchard is the custodian with authority to release members of the Medically Vulnerable Subclass, and he is therefore the proper defendant as to that claim. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)

("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003); *Stevenson v. United States*, 2008 WL 65402, at *1 (E.D. Mich. Jan. 3, 2008) ("The proper respondent in [a § 2241 habeas] case is the person who holds the petitioner in custody[.]"). Sheriff Bouchard, rather than the County, is given "custody" of those detained at the Oakland County Jail under state law. Mich. Comp. Laws § 51.75. Therefore, Sheriff Bouchard must remain as a defendant in the case as to Plaintiffs' claim arising from 28 U.S.C. § 2241.

Second, it would be premature to dismiss the § 1983 claims against Sheriff Bouchard as duplicative. While a suit against a municipal official in his official capacity is *usually* treated as a suit against the municipality, that is not always the case. A municipal official is sometimes deemed to act as a state official, such as when state law *requires* the official to take the relevant action. *Familias Unidas v. Briscoe*, 619 F.2d 391, 398-402, 404 (5th Cir. 1980) (granting declaratory relief against municipal officials as state officers because state law *required* the relevant action).[1] A classic example of this principle is a sheriff or jailor enforcing state court orders. *McNeil v. Community Probation Servs., Inc.*, 945 F.3d 991, 996 (6th Cir.

---

[1] Regardless of for which entity Defendant acts, it has been the law for over a century since *Ex Parte Young*, 209 U.S. 123 (1908), that the official can be enjoined from federal constitutional violations.

2

2019) (upholding a preliminary injunction prohibiting a sheriff from enforcing unconstitutional state court bail orders because "[t]here are plenty of cases allowing injunction actions like this one" pursuant to principles set forth in *Ex Parte Young*). Whether a municipal official is acting on behalf of the county or state is a question of fact,[2] and it is therefore proper to reserve decision on whether claims against the official and county are duplicative until after discovery has taken place. *See, e.g.*, *Robinson v. Purkey*, 2018 WL 5023330, at *48 (M.D. Tenn. Oct. 16, 2018) (declining to dismiss claims against county court clerks until discovery clarified whether they acted on behalf of municipality or state), *rev'd and remanded on other grounds*, 2020 WL 2551889 (6th Cir. May 20, 2020); *see also Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012) (suggesting that courts should dismiss claims against officials as duplicative only after assessing municipality's liability); *Baker v. Cty. of Macomb*, 2015 WL 5679838, at *9 (E.D. Mich. Sept. 28, 2015) ("[I]t does not appear that the Sixth Circuit affirmatively requires the dismissal of official capacity claims against an official when the government entity is also a party to the suit."). Therefore, to the extent Defendants may contend that their relevant acts or omissions in this case are authorized or required by state law, Sheriff

---

[2] Plaintiffs currently believe that the policies and practices at Oakland County Jail that contributed to this Court's finding of deliberate indifference are within the discretion of Sheriff Bouchard to set or correct. However, Plaintiffs acknowledge the possibility that the County may claim that Sheriff Bouchard's discretion is limited by state law.

Bouchard should remain a defendant sued in his official capacity under *Ex Parte Young*.

## CONCLUSION

Plaintiffs respectfully move this Court to reconsider whether Sheriff Bouchard should be dismissed from this case.

Respectfully submitted,

/s/ Krithika Santhanam
Krithika Santhanam (DC Bar No. 1632807)
Thomas B. Harvey (MBE #61734MO)
Advancement Project National Office
1220 L Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 728-9557
Ksanthanam@advancementproject.org
Tharvey@advancementproject.org

/s/ Philip Mayor
Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org

/s/ Alexandria Twinem
Alexandria Twinem (D.C. Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6126  Fax: 202-609-8030
alexandria@civilrightscorps.org

/s/ Cary S. McGehee
Cary S. McGehee (P42318)
Kevin M. Carlson (P67704)
Pitt, McGehee, Palmer,
Bonanni & Rivers, PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
cmcgehee@pittlawpc.com
kcarlson@pittlawpc.com

/s/ Allison L. Kriger
Allison L. Kriger (P76364)
LaRene & Kriger, PLC
645 Griswold, Suite 1717
Detroit, MI 48226
(313) 967-0100
Allison.kriger@gmail.com

Attorneys for Plaintiffs/Petitioners

Dated: May 21, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on May 21, 2020.

Signature: /s/ Carrie Bechill
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cbechill@pittlawpc.com

5