# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 11, 2020

Ms. Kristen Lara Baiardi
Abbott Nicholson
1900 W. Big Beaver Road
Suite 203
Troy, MI 48084

Ms. Jennifer Bennett
Gupta Wessler
100 Pine Street
Suite 1250
San Francisco, CA 94111

Mr. Robert C. Clark
Potter, DeAgostino, O'Dea & Clark
2701 Cambridge Court
Suite 223
Auburn Hills, MI 48326

Mr. Steven H. Cook
Law Office
3707 Day Road
Rockford, TN 37853-3531

Mr. Thomas M. DeAgostino I
Potter, DeAgostino, O'Dea & Clark
2701 Cambridge Court
Suite 223
Auburn Hills, MI 48326

Mr. Andrew Goetz
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Mr. Deepak Gupta
Gupta Wessler
1900 L. Street, N.W.
Suite 312
Washington, DC 20036

Mr. Keith Hollingshead-Cook
Law Office
P.O. Box 3432
Peoria, IL 61612

Mr. Daniel S. Korobkin
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201

Mr. Philip Edwin Mayor
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201

Ms. Cary S. McGehee
Pitt, McGehee, Palmer & Rivers
117 W. Fourth Street
Suite 200
Royal Oak, MI 48067

Mr. Peter L. Menna
Oakland County Corporation Counsel
1200 N. Telegraph Road
Department 419
Pontiac, MI 48341

Mr. Steven M. Potter
Potter, DeAgostino, Campbell & O'Dea
2701 Cambridge Court
Suite 223
Auburn Hills, MI 48326-0000

Ms. Alexandria Twinem
Civil Rights Corps
1600 Connecticut Avenue, N.W.
Eighth Floor
Washington, DC 20009

Re: Case No. 20-1469, *Jamaal Cameron, et al v. Michael Bouchard, et al*
Originating Case No. : 2:20-cv-10949

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0344n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JAMES CAMERON, et al., | ) | **FILED** |
| Plaintiffs-Appellees, | ) | Jun 11, 2020 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) |  |
|  | ) |  |
| MICHAEL BOUCHARD, et al., | ) | O R D E R |
|  | ) |  |
| Defendants-Appellants | ) |  |
|  | ) |  |

Before: COLE, Chief Judge; BUSH and LARSEN, Circuit Judges.[*]

Plaintiffs, five pretrial detainees or convicted prisoners (collectively, "inmates") housed in the Oakland County Jail ("the Jail"), filed a complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 2241, on behalf of themselves and others housed or to be housed there. They claimed, among other things, that Defendants' "deliberate indifference" to the substantial risk of harm posed by COVID-19 at the Jail violated their rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. On May 21, the district court granted a preliminary injunction requiring Defendants to (1) provide all Jail inmates with access to certain protective measures and medical care intended to limit exposure, limit transmission, and/or treat COVID-19, and (2) provide the district court and Plaintiffs' counsel with a list of medically vulnerable inmates within three business days.

---

[*] Judge Ralph B. Guy, Jr., recused himself from further participation in this case after ruling on Defendants' first motion to stay the preliminary injunction pending appeal. Judge Joan L. Larsen was chosen as his substitute by random assignment.

No. 20-3447

On May 26, we denied Defendants' motion to stay the preliminary injunction pending appeal. *Cameron, et al. v. Bouchard, et al.*, 20-1469 (6th Cir. May 26, 2020) (order denying motion to stay). We held that Defendants had not shown a likelihood of success on the merits, given our deferential standard of review and the district court's finding that Plaintiffs had satisfied both the objective and subjective components of the deliberate indifference inquiry. *Id.*

On May 31, the district court entered an order that began the process for granting bail for members of the medically vulnerable subclass. This order was consistent with the district court's order granting a preliminary injunction, the purpose of which was to "enable the Court to implement a system for considering the release on bond or other alternatives to detention in the Jail for each subclass member." (R. 94 at PageID 3063). On June 1, the district court identified fifty inmates under consideration for release and instructed Plaintiffs to submit bail applications on behalf of any of the fifty inmates.[2]

Defendants filed a renewed emergency motion to stay the district court's proceedings, arguing that intervening changes in the law warrant a reconsideration of our initial denial of their motion. We agree with Defendants and **GRANT** their renewed emergency motion to stay, particularly in light of our recent decision to vacate a district court's preliminary injunction in very similar circumstances in *Wilson, et al. v. Williams, et al.*, No. 20-3447, 2020 WL 3056217, at *12 (6th Cir. June 9, 2020).

In *Wilson*, federal prisoners housed in the Elkton Federal Correctional Institution in Ohio filed a petition under 28 U.S.C. § 2241 to obtain release from custody to limit their exposure to

---

[2] Plaintiffs argue that because Defendants could not appeal the May 31 and June 1 orders, those orders are not properly before us. Plaintiffs are correct that the May 31 and June 1 orders are not appealable. *See Groseclose v. Dutton*, 788 F.2d 356, 359 (6th Cir. 1986) (per curiam); *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 416 (6th Cir. 2012). However, our appellate jurisdiction arises from the district court's grant of the preliminary injunction on May 21. *See* 28 U.S.C. § 1292(a) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . interlocutory orders of the district courts of the United States . . . granting . . . injunctions.").

2

the COVID-19 virus. *Id.* at *1. They sought to represent all current and future inmates, including a subclass of inmates who—through age and/or certain medical conditions—were particularly vulnerable to complications, including death, if they contracted COVID-19. *Id.* On April 22, the district court entered a preliminary injunction much like the one entered here, requiring the Federal Bureau of Prisons ("BOP") to, among other things, identify members of the medically vulnerable subclass and evaluate their eligibility for transfer out of confinement at Elkton. *Id.*

Justice Sotomayor granted a stay of the preliminary injunction pending appeal to our court. *See Williams, et al. v. Wilson, et al.*, No. 19A1047, 2020 WL 2988458 (Mem) (June 4, 2020). On appeal, we vacated the preliminary injunction, holding that petitioners had not shown a likelihood of success on the merits of their Eighth Amendment claim, because they had not satisfied the subjective component of the deliberate indifference inquiry. *Wilson*, No. 20-3447, 2020 WL 3056217, at *12. Fatal to Plaintiffs' claim was the fact that the BOP "responded reasonably" to the risks presented by COVID-19. *Id.* at *7. The BOP's actions to control the virus included:

> implement[ing] measures to screen inmates for the virus; isolat[ing] and quarantin[ing] inmates who may have contracted the virus; limit[ing] inmates' movement from their residential areas and otherwise limit[ing] group gatherings; conduct[ing] testing in accordance with CDC guidance; limit[ing] staff and visitors and subject[ing] them to enhanced screening; clean[ing] common areas and giv[ing] inmates disinfectant to clean their cells; provid[ing] inmates continuous access to sinks, water, and soap; educat[ing] staff and inmates about ways to avoid contracting and transmitting the virus; and provid[ing] masks to inmates and various other personal protective equipment to staff.

*Id.* at *8.

Defendants took similar preventative measures here. Such measures included: distributing a memo to the Jail staff about proper cleaning procedures intended to limit the spread within the

Jail; stopping all visitation; initiating new arrest screenings for COVID-19; initiating a prison release program, in which 110 inmates were released by Michigan state courts; quarantining new arrestees for 14 days; quarantining any inmate experiencing symptoms of COVID-19 and any inmate who had contact with a symptomatic inmate; checking inmates who were in symptomatic quarantine three times a day with a full set of vitals including a temperature check; placing inmates that tested positive in the positive COVID-19 cells; offering level-one masks and medical treatment to all inmates; cancelling group activities; using prepackaged meals for food service; using a UVI disinfecting machine and sanitizing cells more frequently; giving all inmates access to a disinfectant called DMQ, which is effective against COVID-19; promoting social distancing by reducing cell numbers depending upon inmate classification; and providing access to COVID-19 testing to the entire inmate population.

Given our intervening decision in *Wilson*, a case that is binding on us, we now agree with Defendants that Plaintiffs are unlikely to succeed on the merits of their Eighth and Fourteenth Amendment claims. "[W]hile the harm imposed by COVID-19 on inmates at [the Jail] 'ultimately [is] not averted,' [Defendants have] 'responded reasonably to the risk' and therefore ha[ve] [likely] not been deliberately indifferent to the inmates' Eighth Amendment rights." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Our conclusion that Plaintiffs are unlikely to succeed on the merits challenge is dispositive, because "[o]ur cases warn that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success." *Id.* at *11 (quoting *Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020)).

We **GRANT** Defendants' renewed emergency motion to stay the preliminary injunction pending resolution of Defendants' appeal.

COLE, Chief Judge, dissenting.  Largely for the reasons stated in the May 26, 2020, order in this case, I would deny the defendants' renewed emergency motion for a stay.  *See Cameron, et al. v. Bouchard, et al.*, No. 20-1469 (6th Cir. May 26, 2020) (order denying motion to stay) ("May 26 Order").  The preliminary injunction is a modest order entered to maintain the health and safety of the inmates incarcerated at the Jail while this litigation proceeds.  It does not order the release of a single inmate and only requires the defendants to take measures such as providing soap and disinfectant to inmates, performing regular cleaning of the facility, and establishing detailed protocols to address the spread of COVID-19 within the Jail.

I do not believe that *Wilson v. Williams*, No. 20-3447, 2020 WL 3056217 (6th Cir. June 9, 2020), changes the analysis that led us to deny the defendants' request for a stay last month.  In particular, I would note that the district court, following submissions by the parties and a multi-day hearing, made several findings of fact regarding deficits in the defendants' response to the COVID-19 pandemic at the Jail, findings that were not part of the record in *Wilson*.  The record contains, for example, evidence that officials altered their practices for the sole purpose of an inspection of the Jail only to return to unsafe practices when the inspection concluded. It also reveals that inmates are unable to use disinfectant in their bunks and common areas, and that those common areas are rarely—if ever—cleaned.  It shows that use of personal protective equipment by Jail officials has been, at best, sporadic, that officials move inmates between cells without regard for whether an inmate is symptomatic, and that there have been completely inadequate medical responses to inmates who do experience symptoms.  Most concerningly, the record shows that officials threatened to punish complaining inmates by transferring them to areas of the Jail that are infested with COVID-19.

5

*Wilson*, like all Eighth Amendment cases, required a detailed examination of a distinct factual record. I do not view the result of that examination as dispositive of our inquiry here. Moreover, the pretrial detainees at the Jail bring their claims under the Fourteenth Amendment, and, as such, I am not convinced that they must satisfy the deliberate indifference standard that doomed the petitioners' Eighth Amendment claims in *Wilson*. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *see also J.H. v. Williamson Cty.*, 591 F.3d 709, 717 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 538–39 (1979)).

But even if our determination in *Wilson* were indicative of the merits of the issues presented in this appeal, the majority misstates the import of such a finding to our disposition of the renewed motion for a stay. The defendants, in requesting a stay, bear a "heavy burden." *Ohio State Conference of NAACP v. Husted*, 769 F.3d 385, 389 (6th Cir. 2004). And, under the test for evaluating a request for a stay, it is their burden, not the plaintiffs', to make "a strong showing that [*they* are] likely to succeed on the merits." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). So the procedural posture is, at this stage, quite unlike it was in *Wilson*.

Additionally, the defendants' likelihood of success on the merits is just one of several factors that we consider in concert in order to determine whether we should exercise our discretion to stay the preliminary injunction pending appeal, rather than one that can decide the case on its own like the plaintiffs' likelihood of success does at the merits stage. *Id.* Thus, even if our determination in *Wilson* did bear on the question of whether the defendants have shown that they are likely to prevail on the merits, we would still need to weigh the other factors we consider in this inquiry.

Each of those factors strongly weighs in the plaintiffs' favor. They require us to consider whether a stay irreparably harms the plaintiffs, whether the lack of a stay irreparably harms the defendants, and where the public interest lies. *Id.* As already noted, the district court has not ordered the defendants to release any inmates. The preliminary injunction order only requires the defendants to take action to ensure inmate safety and provide information so that appropriate next steps can be determined. The severity of COVID-19 is well known by now. Inmates, especially those who are medically vulnerable, are at risk of severe illness or death should they contract the virus and, unlike those who are not incarcerated, cannot take all of the government-recommended precautions for avoiding the virus. They therefore depend on jail officials to take steps like the ones the preliminary injunction requires the defendants to take in order to remain safe. If the defendants abandon these measures as a result of this stay, plaintiffs may contract the virus while this litigation proceeds through the courts, which could cause serious illness or even death. These severe harms could not be remedied, even by the plaintiffs' ultimate success in this suit.

Similarly, the limited nature of the preliminary injunction leads me to conclude that the defendants would not be irreparably harmed by it remaining in place pending this appeal. In fact, the only conceivable harm to defendants is that they will be required to spend time and resources complying with the preliminary injunction. But "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough" to demonstrate irreparable harm. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Finally, providing inmates with basic necessities to ensure their protection against a deadly virus clearly

7

does no harm the public interest. Indeed, failure to do so would seem to inflict a much greater harm in that regard.

For these reasons, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

_____

Deborah L. Hunt, Clerk