UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD BRIGGS;
RAJ LEE; MICHAEL CAMERON; MATTHEW
SAUNDERS, individually and on behalf of all
others similarly situated,

             Case 2:20-cv-10949-LVP-MJH

       Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity
as Sheriff of Oakland County;
OAKLAND COUNTY, MICHIGAN,

       Defendants.

_____

## <u>DEFENDANTS' 12(B)(1) MOTION TO DISMISS</u>

NOW COME Defendants, MICHAEL BOUCHARD and OAKLAND COUNTY, by and through their attorneys, POTTER DeAGOSTINO O'DEA & CLARK, and pursuant to Fed. R. Civ. P. 12(b)(1), hereby request the Court to dismiss Plaintiffs' Complaint with prejudice.

In accordance with E.D. Mich LR 7.1, counsel for Defendants contacted Plaintiffs' counsel regarding the nature of the instant motion and legal basis. Counsel requested but did not obtain concurrence in the relief sought by the motion.

WHEREFORE, Defendants, MICHAEL BOUCHARD and OAKLAND COUNTY, respectfully request this Honorable Court to grant its Motion to Dismiss and dismiss Plaintiffs' Complaint with prejudice.

POTTER, DeAGOSTINO, O'DEA & CLARK

s/ STEVEN M. POTTER (P33344)
s/ ROBERT C. CLARK (P76359)
s/ TREVOR S. POTTER (P84253)
Attorneys for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: August 19, 2020          spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com

2

## <u>BRIEF IN SUPPORT OF MOTION</u>

## <u>ISSUES PRESENTED</u>

1. Whether Plaintiffs' claims are moot and lack standing?

   **Defendants Answer:**       **Yes.**
   **Plaintiffs Answer:**        **No.**

2. Whether this Court lacks jurisdiction over Plaintiffs' claims?

   **Defendants Answer:**       **Yes.**
   **Plaintiffs Answer:**        **No.**

## <u>CONTROLLING AUTHORITY</u>

*Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)

*Baker v. Carr*, 369 U.S. 186, 204 (1962)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

*Braden v. 30th Judicial Circuit Court of Com. of Ky.*, 454 F.2d 145, 148 (6th Cir. 1972)

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)

*Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393 (6th Cir. July 9, 2020)

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)

*Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)

*City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993)

*City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)

*Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)

*Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020)

*Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001)

*Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006)

*Forsythe v. Ohio*, 333 F.2d 678 (6th Cir. 1964)

*Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)

*Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, No. 12-CV-567, 2013 WL 693119 (S.D. Ohio Feb. 26, 2013)

*In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016)

*Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996)

*Maryland Casualty Co. v. Pacific Co.*, 312 U.S. 270, 273 (1941)

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)

*Morton v. Avery*, 393 F.2d 138 (6th Cir. 1968)

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)

*O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)

*Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009)

*Powell v. McCormack*, 395 U.S. 486, 496 (1969)

*Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)

*Rosen v. Tennessee Com'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002)

*Scruggs v. Henderson*, 380 F.2d 981 (6th Cir. 1967)

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)

*Sumpter v. Wayne Cty.*, 868 F.3d 473, 490 (6th Cir. 2017)

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)

*Warth v. Seldin,* 422 U.S. 490, 501 (1975)

*Wayside Church v. Van Buren County*, 847 F.3d 812, 816–17 (6th Cir. 2017)

*Wilson v. Williams*, 961 F.3d 829, 843-45 (6th Cir. 2020)

## I.    **Procedural Background**

On April 17, 2020, Plaintiffs filed a 326-page Complaint asserting claims for injunctive and declaratory relief, and a Petition for Habeas Corpus against Oakland County Defendants on behalf of inmates housed at the Oakland County Jail ("OCJ"). (ECF No. 1). On the same day, this Court entered a Temporary Restraining Order (TRO) against Oakland County Defendants. (ECF No. 12). Later that day, this Court amended its Order and stated that "the Court is accepting the allegations in Plaintiffs' Complaint and its attachments as true without briefing or evidentiary submissions by Defendants." (ECF No. 21). On May 21, 2020, this Court entered a Preliminary Injunction against Defendants containing twenty-two directives that served as the framework for a prisoner release directive at the Oakland County Jail. (ECF No. 94).

On June 11, 2020, the Sixth Circuit granted Defendants' Renewed Emergency Motion to Stay the Preliminary Injunction pending resolution of Defendants' appeal. (ECF No. 139). On July 9, 2020, the Sixth Circuit vacated this Court's Preliminary Injunction and TRO and held that **"[O]ur conclusion that Plaintiffs are unlikely to succeed on the merits challenge is dispositive, because [o]ur cases warn that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success**. *Cameron v.*

*Bouchard*, No. 20-1469, 2020 WL 3867393, at *8 (6th Cir. July 9, 2020); *Wilson v. Williams*, 961 F.3d 829, 843-45 (6th Cir. 2020) (quoting *Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020)).

## II.    Standard of Review

Before a court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).

The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren County*, 847 F.3d 812, 816–17 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleading." *Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)), and requires the district court to "take[ ] the allegations in the complaint as true," *id.* But a factual attack "raises a factual controversy requiring the district court to weigh the conflicting evidence to arrive at the factual predicate

that subject-matter does or does not exist." *Wayside Church*, 847 F.3d at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, No. 12-CV-567, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.   Law & Argument

A. Plaintiffs' Remaining Claims Seek Declaratory Relief

As a result of the Sixth Circuit's opinion, Plaintiffs' claims seeking injunctive relief have been dismissed. (ECF No. 142). On its face, the only claims remaining in Plaintiffs' Complaint are the claims seeking Declaratory Relief for Violation of the Eight and Fourteenth Amendment in Counts I & II. (ECF No. 1,

PageID# 60-62). All other claims seeking injunctive relief have been dismissed, and Plaintiffs' Petition for Writ of Habeas Corpus has been dismissed, as the Sixth Circuit's opinion is dipositive. (ECF No. 141 & 142). "It is, of course, well-established in this circuit that a declaratory judgment action cannot be used as a substitute for the statutory habeas corpus procedure." *Morton v. Avery*, 393 F.2d 138 (6th Cir. 1968); *Scruggs v. Henderson*, 380 F.2d 981 (6th Cir. 1967); *Forsythe v. Ohio*, 333 F.2d 678 (6th Cir. 1964); *Braden v. 30th Judicial Circuit Court of Com. of Ky.*, 454 F.2d 145, 148 (6th Cir. 1972), *rev'd and remanded sub nom. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

All claims seeking declaratory relief by members of the "Class" and "Subclasses" as defined by the May 21, 2020 Order granting Plaintiffs' Motion for Class Certification must be dismissed because all claims are moot or lack standing.

B. <u>All Claims By "Current" Inmates As Defined By The "Jail Class" And "Sub-Classes" Are Moot</u>

"The doctrines of standing and mootness are similar, but they are not the same." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Standing seeks to ensure the plaintiff has a "personal stake in the outcome of the controversy" at the outset of litigation. *Baker v. Carr*, 369 U.S. 186, 204 (1962). Mootness, on the other hand, "is akin to saying that, although an actual case or controversy once

existed, changed circumstances have intervened to destroy standing." *In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016). The common refrain that mootness is just "standing set in a time frame" best captures the temporal distinction: standing applies at the sound of the starting gun, and mootness picks up the baton from there. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)).

In the instant action, on April 17, 2020 Plaintiffs filed a Complaint and alleged among a multitude of accusations that:

> "3.    Understanding the dire need for immediate action, medical and public health experts have urged sweeping precautionary measures in everyday life to slow the spread of the virus. Yet the very steps they deem necessary—such as regular handwashing, sanitizing one's environment, access to testing, prompt medical attention, and wearing protective gear—have been made impossible for the people confined in the Jail by the very officials responsible for their well-being."

> "5.    Given reports of at least 23 confirmed cases of COVID-19, an outbreak in the Jail is imminent and will cause death and devastation to countless lives, including the people jailed, the people who work in the jail, their families, and the public at large. The County and the people responsible for operating the Jail, however, have failed to adequately respond to the obvious and urgent threats posed by this growing pandemic. The over-800 people confined in the Jail are forced to suffer

> unconstitutional conditions that blatantly deny them the
> precautions and protections necessary to mitigated
> against the risks of COVID-19."

(ECF No. 1, PageID# 3, 6).

Simply put, Plaintiffs entire cause of action is based on the idea that inmates and pre-trial detainees at OCJ were not being provided a standard of care warranted under the Eighth and Fourteenth Amendments.  On July 9, 2020, the Sixth Circuit vacated this Court's Preliminary Injunction and held that **"[O]ur conclusion that Plaintiffs are unlikely to succeed on the merits challenge is dispositive, because [o]ur cases warn that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success**. *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *8 (6th Cir. July 9, 2020); *Wilson v. Williams*, 961 F.3d 829, 843-45 (6th Cir. 2020).

The Sixth Circuit held that based on the record the district court had misapplied the law and Defendants were not deliberately indifferent to the inmates at OCJ and "the steps that jail officials took to prevent the spread of COVID-19 were reasonable. *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *7 (6th Cir. July 9, 2020). Now, Plaintiffs want to proceed with a declaratory action against Defendants, even though the Sixth Circuit has deemed the conditions of confinement and the policies of OCJ to be constitutional. To be clear, Plaintiffs

have asserted claims under 42 U.S.C § 1983 against Sheriff Bouchard in his official capacity and Oakland County. Thus, Plaintiffs have asserted a *Monell* claim against Oakland County alleging that the policies and customs of OCJ have deprived Plaintiffs of their Constitutional rights: "[L]ocal governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

In the context of claims for declaratory relief, "a plaintiff must show that he is under threat of suffering '**injury in fact' that is concrete and particularized," and that "threat must be actual and imminent, not conjectural or hypothetical**." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[P]ast exposure to illegal conduct ... unaccompanied by any continuing, present adverse effects," will not suffice to establish "a present case or controversy." *Lyons*, 461 U.S. at 102, 103 S.Ct. 1660 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

"The federal courts have an ongoing obligation under Article III to limit their jurisdiction to cases that may actually affect the rights of the litigants." *Coal.*

*for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004). An actual controversy must exist, not just when the complaint is filed, but at all stages of the case. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (finding that plaintiff's attempt to enjoin state actors, including justices and judges, became moot when there was "no longer a state court proceeding from which to enjoin the named defendants' participation"). Once a case becomes moot, a district court no longer has jurisdiction over it and must dismiss it. *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).

A request for declaratory relief is moot unless "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser*, 422 U.S. at 402 (quoting *Maryland*

*Casualty Co. v. Pacific Co.*, 312 U.S. 270, 273 (1941)) (internal quotation marks omitted).

In *Lyons,* plaintiff sought to enjoin the Los Angeles Police Department ("L.A.P.D.") from using chokeholds, which had caused several injuries and deaths during arrests, including injury to Lyons himself. *Lyons,* 461 U.S. at 97–98. The complaint alleged that the L.A.P.D.:

> pursuant to the authorization, instruction, and encouragement of Defendant City of Los Angeles, regularly and routinely apply these choke holds in innumerable situations where they are not threatened by the use of any deadly force whatsoever," that numerous persons have been injured as the result of the application of the chokeholds, that Lyons and others similarly situated are threatened with irreparable injury in the form of bodily injury and loss of life, and that Lyons "justifiably fears that any contact he has with Los Angeles Police officers may result in his being choked and strangled to death without provocation, justification or other legal excuse.

*Id.* at 98. Despite the allegations of widespread injury and even though the L.A.P.D. had previously used the chokehold against plaintiff, the Supreme Court nevertheless held that the future threat of injury was too speculative to support Lyons's standing to challenge the constitutionality of the department's use of chokeholds. *Id.* In reversing the Ninth Circuit's entry of an injunction prohibiting the use of chokeholds in certain situations, the Court stated:

"Lyons has failed to demonstrate a case or controversy with the City that would justify the equitable relief sought. Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers. Count V of the complaint alleged the traffic stop and choking incident five months before. That **Lyons may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part.** The additional allegation in the complaint that the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force falls far short of the allegations that would be necessary to establish a case or controversy between these parties."

*Id.* at 105.

Although the claims sought by the Plaintiff in *Lyons* were dismissed due to lack of standing, the arguments are the same. As explained above, the difference between standing and mootness is merely temporal. A Plaintiff must show an injury in fact to proceed in the context of claims for injunctive or declaratory relief. *Summers,* 555 U.S. at 493. The only difference is that here Plaintiffs claims became moot at a later stage in the litigation than they did in *Lyons.* "An actual

controversy must exist, not just when the complaint is filed, but at all stages of the case." *Campbell-Ewald Co.,* 136 S. Ct. at 669.

In *Lyons*, the Court held that Plaintiff failed to allege an injury in fact based on plaintiff's allegation that he was likely to suffer future injury from the use of the chokeholds by police officers because he had previously suffered injury from the use of chokeholds. *Lyons,* 461 U.S. at 105. The Court held that although plaintiff may have been illegally choked by the police on October 6, 1976, a previous harm without any likelihood of present or future injury "**does nothing to establish a real and immediate threat**." *Id.*

The same logic applies to the instant action. Except here, Plaintiffs do not even have evidence of past injury in light of the Sixth Circuit's opinion which determined that Plaintiffs' had no like likelihood of success with respect to their constitutional claims. (ECF No. 141 & 142). Like in *Lyons*, the generalized assertion that OCJ's policies will result in future injury is **baseless** and does not establish a real or immediate threat for which a cause of action may be premised. Plaintiffs fail to establish an injury in fact because the basis for their hypothetical injuries is a conjectural threat of future harm that their constitutional rights will be violated. The alleged threat of future harm is especially speculative (and futile) in light of the Sixth Circuit's opinion. Plaintiffs' cause of action simply cannot hold

up in the face of the Sixth Circuit's opinion that held Plaintiffs' constitutional rights were not violated. In turn, Plaintiffs' claims that an unconstitutional policy caused their rights to be violated is similarly baseless. Simply put, Plaintiffs' claims seeking declaratory relief have become moot, and this Court is unable to grant relief. *Carras,* F.2d 1286 (6th Cir. 1986). Therefore, this Court no longer has jurisdiction over Plaintiffs' claims, and Plaintiffs' claims must be dismissed. *Pettrey*, 584 F.3d at 703.

C. <u>All Claims Seeking Declaratory Relief Asserted by Class Representatives and Class Members That Have Been Released From Incarceration Are Moot</u>

Even if Plaintiffs can show that their claims are not moot, the claims of inmates that have been released should be dismissed. In *Dellis v. Corr. Corp. of Am.*, Plaintiff alleged an Eight Amendment claim based on the deprivation of water. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001). The Court found that Plaintiff pleaded facts which if proven would entitle him to monetary damages. *Id.* With regard to Plaintiff's claims for injunctive and declaratory relief, the Court held that "Plaintiff also requested injunctive and declaratory relief in his complaint; however, **because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these**

17

**prayers for relief are moot**. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

In *Sumpter v. Wayne County*, Plaintiff sought injunctive and declaratory relief against the Wayne County Jail and its group strip search policies. *Sumpter v. Wayne Cty.*, 868 F.3d 473, 490 (6th Cir. 2017). Plaintiff claimed she was subjected to four separate strip searches as an inmate in the Wayne County Jail between October and November 2012. *Id.* at 491. However, Plaintiff left the jail in November 2012. *Id.* The Sixth Circuit affirmed the district court's grant of summary judgment and deemed Plaintiff's claims for injunctive and declaratory relief as moot. *Id.* The Court reasoned that "we can only speculate as to whether she will ever return. At this juncture, we must assume that plaintiff will conduct [her] activities within the law and so avoid ... exposure to the challenged course of conduct." *Id.;O'Shea*, 414 U.S. at 497, 94 S.Ct. 669.

In the instant action, named Plaintiffs Jamaal Cameron, Richard Briggs, Raj Lee, and Matthew Saunders have been released. Jamaal Cameron was released on July 5, 2020. Richard Briggs was released on July 29, 2020. Raj Lee was released on July 1, 2020, and Matthew Saunders was released on April 28, 2020. Because the above-named Plaintiffs are no longer incarcerated, their claims for declaratory relief are moot. *Dellis*, 257 F.3d at 510; *See Kensu,* 87 F.3d at 175; *Sumpter*, 868

F.3d at 490-91. Additionally, all inmates previously incarcerated and subsequently released should be dismissed for the same reason. Therefore, this Court no longer has jurisdiction over Plaintiffs' claims, and Plaintiffs' claims must be dismissed. *Pettrey*, 584 F.3d at 703.

>    D. All Claims By "Future" Inmates As Defined By The "Jail Class" And "Sub-Classes" Lack Standing

All "future persons detained during the course of the COVID-19 pandemic" as defined in the "Jail Class" and all "future persons detained at the Oakland County Jail during the course of the COVID-19 pandemic" as defined in the "Pre-Trial Subclass" and the Post-Conviction Subclass" lack standing to pursue declaratory relief. (ECF No. 94, PageID# 3059).

It is well settled that, at the outset of litigation, class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer. *Rosen v. Tennessee Com'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002); *Warth v. Seldin,* 422 U.S. 490, 501 (1975) ("the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.").

Plaintiffs will argue that the class had already been certified by this Court and found to have standing. It is true this Court proceeded on Plaintiffs' claims for injunctive relief. However, the Sixth Circuit's opinion is dispositive of Plaintiffs' claims seeking injunctive relief and Petition for Habeas Corpus. *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *8 (6th Cir. July 9, 2020). Simply put, any hypothetical class member lacks standing because they do not have an injury in fact and the named Plaintiffs that represent their rights never had an injury in fact. *Summers,* 555 U.S. at 493; *Rosen*, 288 F.3d at 931. Supreme Court precedent is explicitly clear that to pursue a declaratory action, a plaintiff cannot assert conjectural or hypothetical injuries. *Rosen*, 288 F.3d at 931. Therefore, these hypothetical class members lack standing and their "future" claims must be dismissed. *Id.* Moreover, the named Plaintiffs cannot sue to enforce the rights of the unnamed future class members because they never satisfied Article III's case and controversy requirement to enforce their own rights. *Rosen*, 288 F.3d at 931.

E. The Facts and Circumstances That Plaintiffs' Complaint Was Premised Have Changed

Plaintiffs filed their Complaint on April 17, 2020. (ECF No. 1). Plaintiffs asserted in their Complaint that the COVID-19 pandemic was "especially grave in the state of Michigan, which currently ranks third in the country for coronavirus-

related death." (ECF No. 1, PageID# 1-2). "The State's chief medical officer, Dr.

Joneigh Khaldun, declared during a press conference on April 6, 2020 that state

hospitals are overwhelmed because there are no signs that the rate of infection is

slowing down." (ECF No. 1, PageID# 2). Plaintiffs also asserted that:

> "3.     Understanding the dire need for immediate action,
> medical and public health experts have urged sweeping
> precautionary measures in everyday life to slow the
> spread of the virus. Yet the very steps they deem
> necessary—such as regular handwashing, sanitizing
> one's environment, access to testing, prompt medical
> attention, and wearing protective gear—have been made
> impossible for the people confined in the Jail by the very
> officials responsible for their well-being."

> "5.     Given reports of at least 23 confirmed cases of
> COVID-19, an outbreak in the Jail is imminent and will
> cause death and devastation to countless lives, including
> the people jailed, the people who work in the jail, their
> families, and the public at large. The County and the
> people responsible for operating the Jail, however, have
> failed to adequately respond to the obvious and urgent
> threats posed by this growing pandemic. The over-800
> people confined in the Jail are forced to suffer
> unconstitutional conditions that blatantly deny them the
> precautions and protections necessary to mitigated
> against the risks of COVID-19."

(ECF No. 1, PageID# 3, 6).

Four months later, Michigan ranks eighteenth in COVID-19 cases and ninth

in     COVID-19     related     deaths.     (Reported     Cases     and     Deaths,

https://www.cnn.com/interactive/2020/health/coronavirus-us-maps-and-cases/,

figures based on data from Johns Hopkins University Center for Systems Science and Engineering). Four months later, sufficient bed occupancy is available in every health system/hospital in Michigan. (Statewide Available PPE and Bed Tracking, Patient Census as of 08/17/20, https://www.michigan.gov/coronavirus). Four months later, an imminent outbreak did not occur and "death and devastation to countless lives" did not occur within OCJ. In fact, not a single inmate has been hospitalized or died from COVID-19. (Exhibit A, Warren Affidavit). As of August 19, 2020, OCJ has not had a positive COVID-19 diagnosis by an inmate who did not arrive at OCJ as covid-positive since May 12, 2020. (Exhibit A). OCJ has performed over two-thousand tests for COVID-19. (Exhibit A).

Defendants present this information solely to show that relative to the beginning of the pandemic, the number of daily cases, deaths, and percentage of hospital bed occupancy in the state of Michigan has improved. The imminent devastation and outbreak that was supposed to occur in OCJ as alleged in Plaintiffs' Complaint did not happen.

Without taking into consideration the Sixth Circuit's Opinion which held that Plaintiffs' constitutional rights have not been violated, common sense demonstrates that the policies implemented at OCJ have been working and are

continuing to work in preventing a COVID-19 outbreak. Similarly, the data supports the Sixth Circuit's determination that Defendants' actions were "reasonable." *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *7 (6th Cir. July 9, 2020). Plaintiffs have no legal basis to continue this litigation because their claims lack standing and are moot.

WHEREFORE, Defendants, MICHAEL BOUCHARD and OAKLAND COUNTY, respectfully request this Honorable Court to grant its Motion to Dismiss and dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

POTTER, DeAGOSTINO, O'DEA & CLARK

s/ STEVEN M. POTTER (P33344)
s/ ROBERT C. CLARK (P76359)
s/ TREVOR S. POTTER (P84253)
Attorneys for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: August 19, 2020        spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

/s/ STEVEN M. POTTER (P33344)
Attorney for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD
BRIGGS; RAJ LEE; MICHAEL
CAMERON; MATTHEW
SAUNDERS, individually and on
behalf of all others similarly situated,

                                            Case 2:20-cv-10949-LVP-MJH

        Plaintiffs,

v.

MICHAEL BOUCHARD, in his
official capacity as Sheriff of Oakland
County and OAKLAND
COUNTY, MICHIGAN,

        Defendants.

---

## **AFFIDAVIT OF VICKI-LYN WARREN**

VICKI-LYN WARREN, being first duly sworn, deposes and states:

1. That this Affidavit is made of my own personal knowledge and that if I am sworn to testify, I can give competent testimony of my own personal knowledge in support of each paragraph of this Affidavit.

2. That I have been employed by Wellpath since March 1, 2012. Wellpath is an outside contractor for the Oakland County Sheriff's Office. Wellpath provides medical and dental services for the inmate population at the Oakland County

Jail. At all times relevant to the instant action I have worked as the Health Services Administrator for the Oakland County Jail since 2014.

3. That no inmates have been hospitalized or died from COVID-19.

4. That the Oakland County Jail has performed over two-thousand tests for COVID-19.

5. That the testing and quarantine policies implemented at the Oakland County Jail have not changed since they were implemented prior to the filing of this lawsuit.

6. That since May 12, 2020, two inmates were diagnosed as covid-positive on May 18, 2020 and August 13, 2020 **upon arrival** at the Oakland County Jail and were immediately entered into negative pressure cells.

7. That as of August 19, 2020, no inmate has tested positive for COVID-19 since May 12, 2020, excluding the two inmates identified in Paragraph 6 that tested positive upon arrival.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Further, Affiant sayeth not.

Dated: August 19, 2020          /s/Vicki-Lyn Warren
                                VICKI-LYN WARREN
                                *consent for signing given telephonically

Due to the COVID-19 pandemic, it was not possible to obtain a written signature on the above Affidavit. I am an attorney admitted to the Eastern District of Michigan. On August 18, 2020, I personally spoke with VICKI-LYN WARREN and read this Affidavit to her. VICKI-LYN WARREN told me that the information in the above Affidavit is true and gave me verbal consent to sign on her behalf.


I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

/s/Trevor S. Potter (P84253)
Trevor S. Potter (P84253)
Attorney for Defendants