# **<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD BRIGGS; RAJ LEE; MICHAEL CAMERON; MATTHEW SAUNDERS, individually and on behalf of all others similarly situated,

  Plaintiffs,

v.

MICHAEL BOUCHARD, in his official capacity as Sheriff of Oakland County; CURTIS D. CHILDS, in his official capacity as Commander of Corrective Services; OAKLAND COUNTY, MICHIGAN,

  Defendants.

Case No. 20-cv-10949

## SUPPLEMENTAL DECLARATION OF DAVID KUCHARSKI

I, David Kucharski, declare:

I make this declaration based upon my own personal knowledge, and if called to testify, I could and would do so competently.

1)  I am currently detained in the Oakland County Jail. My sentencing date was originally scheduled for early November, but it has been adjourned twice already. Currently, it's scheduled for December 1, 2020. I have been here since September 8, 2020.

2)  I had been housed in a dorm for kitchen trustees until there was a COVID-19 outbreak. There are 31 bunks in the dorm, about twelve inches apart, and the top bunks are three feet away from the bottom bunks. There were 37 people in the dorm at the time that we learned there was an infection, so it was not possible for us to socially distance.

3)  I am medically vulnerable because I suffer from asthma. I usually use an inhaler, but I do not have one in here.

4)      Two of the people in the dorm tested positive for COVID-19 on Wednesday, November 11, 2020.  One of them was a guy named Damon Berryman, who I worked right next to in the kitchen.  The Aramark workers told us one of them brought COVID-19 into the jail.  When we learned that two people in the dorm were positive, the jail did not test everyone in the dorm.  Rather, they removed the two people who tested positive and locked down the rest of the dorm to wait it out.  Thirty-seven of us were locked down in the dorm as a result.

5)      We have never been given adequate cleaning supplies, and this did not change after the two COVID-positive individuals were removed from the dorm.  The jail continues to provide us with watered-down DMQ solution to clean.  All thirty-seven of us used the same shower and it was only cleaned twice a week using watered-down DMQ.  This continued after the two individuals tested positive.

6)      I developed symptoms of COVID-19 almost immediately after the two positive individuals were removed from the dorm.  Specifically, I had migraines, a sore throat, tense muscles, my nose was running, and I could not move.

7)      I reported my symptoms to a nurse.  Despite two people having tested positive in the dorm, she refused to test me because I didn't have a fever.  She said, "I'm sure it's just the flu."

8)      On Tuesday, November 17, 2020, after we had all been locked down together for six days, we were finally tested for COVID-19.  Of the thirty-seven people in the dorm, twenty-seven of us tested positive.  The same day, I saw a guy pass out in the dorm.  In response, the jail just took him to medical and then brought him back.

9)      On November 19, 2020, we were quarantined into two-person cells in the E-block.  We are let out for only a half hour each day to shower and make phone calls.  The jail has not given us any medical attention.  When they quarantined us, they gave us an entire month's supply of our medications to administer to ourselves and some Motrin. The nurses check our vitals, but to my knowledge, nobody has seen a doctor.

*SIGNATURES FOLLOW ON THE NEXT PAGE*

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

November 22, 2020  /s/David Kucharski
David Kucharski

*consent for signing given telephonically

Due to the COVID-19 crisis, it was not possible to obtain a written signature on the above declaration. I am an attorney admitted to the practice in the Eastern District of Michigan. On November 22, 2020, I personally spoke with David Kucharski and read this declaration to him. He told me that the information in the above declaration is true, and gave me verbal consent to sign on his behalf.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

/s/Syeda F. Davidson
Syeda F. Davidson