# **Exhibit 8**

**From:** Steven Potter <spotter@potterlaw.com>
**Sent:** Wednesday, November 25, 2020 11:14 AM
**To:** Cary McGehee <cmcgehee@pittlawpc.com>; Trevor Potter <tpotter@potterlaw.com>; Robert Clark <rclark@potterlaw.com>
**Cc:** Philip Mayor <pmayor@aclumich.org>; Kevin Carlson <kcarlson@pittlawpc.com>; Syeda Davidson <sfhdavidson@gmail.com>; Alexandria Twinem (alexandria@civilrightscorps.org) <alexandria@civilrightscorps.org>; Alec Karakatsanis <alec@civilrightscorps.org>; Allison Kriger <allison.kriger@gmail.com>
**Subject:** RE: Cameron et al v. Bouchard et al- Notice of Breach of 4/22/20 Stipulated Agreement

Cary,

It was nice catching up with you yesterday. I hope that your boyfriend continues to recover.

Regarding your email below, I disagree with your assessment that my clients are in violation of any stipulation for many reasons that I will not discuss in this email. My client is well aware of the current situation in the Jail and has taken numerous measures to attempt to control the outbreak. The attached documents are representative of those actions including initiating another inmate release. In addition to the foregoing, as of today the Jail is requiring an inmate signature from each cell documenting that soap and cleaning supplies are passed out to the inmate population three times a day. Additionally, the command staff at the Jail is constantly monitoring the inmate cell distribution in an effort to provide as much social distancing as possible within the Jail.

My clients' policies and procedures regrading their response to Covid-19 have not changed, including my clients' quarantine and testing procedures. They are the same policies and procedures that were in force this past summer when for many months there were no positive cases at the Jail They are also the same policies and procedures that the 6th Circuit determined were not deliberately indifferent, which determination the 6th Circuit stated was dispositive of that issue.

I am providing the attached documents as a matter of good faith in response to your email. My clients' position is that they are no longer under any order of the District Court that would require the production of the documents or any other response to your email. However, my clients' see no reason not to cooperate with you since inmate safety is and always has been a priority at the jail.

Have a safe Thanksgiving.

Steve

Steven M. Potter
Attorney at Law
POTTER, DEAGOSTINO, O'DEA & CLARK
2701 Cambridge Court, Ste. 223

**From:** Cary McGehee <cmcgehee@pittlawpc.com>
**Sent:** Thursday, November 26, 2020 9:51 AM
**To:** Steven Potter <spotter@potterlaw.com>
**Cc:** Trevor Potter <tpotter@potterlaw.com>; Robert Clark <rclark@potterlaw.com>; Philip Mayor <pmayor@aclumich.org>; Kevin Carlson <kcarlson@pittlawpc.com>; Krithika Santhanam <ksanthanam@advancementproject.org>; Syeda Davidson <sfhdavidson@gmail.com>; Thomas Harvey <THarvey@advancementproject.org>; Dan Korobkin <dkorobkin@aclumich.org>; Alec Karakatsanis <alec@civilrightscorps.org>; Alexandria Twinem (alexandria@civilrightscorps.org) <alexandria@civilrightscorps.org>
**Subject:** Cameron et al v. Bouchard et al- Notice of Breach of Stipulated Agreement

Steve,

Happy Thanksgiving. I hope that you are able to safely share and enjoy it with your family.

As time is of the essence, we feel compelled to reach out to you on this holiday to give you our response to your client's response to our Notice of Breach of the Stipulated Agreement.

We appreciate the cooperative nature of your response and the documents you have shared, even while we respectfully disagree with your characterization of your client's obligations in light of the current state of the litigation.  To that end, we would prefer to continue working with you, rather than going straight to the Court, to help identify measures that would do the most possible to protect the members of our class from this outbreak.

In addition to the steps identified in your email and the attached documents, we would ask the Jail to take the following measures (and that you provide an update about those measures) by this coming Monday.  We believe most of these measures to be required by the stipulation:

- <u>Social distancing</u>:  Your stated that there are approximately 741 people incarcerated in the Jail. At that population, it should be possible to attain a higher degree of social distancing than our information reveals to be the case by spacing people out more amongst cells rather than by packing cells (including the IR cells and 10-man cells) to and beyond their capacity.  We ask that the Jail take immediate steps to alleviate this overcrowding, while recognizing that movement of inmates between different units is probably

not advisable at this moment.  Please provide us with a list, similar to the one provided during the PI hearing, detailing the current population level and maximum occupancy of each cell.

- Testing: We believe that immediate testing of the entire Jail population is necessary to identify the scope of the outbreak and quarantine sick class members before the outbreak spreads further.  We are aware that several inmates (including some of our declarants) who were not part of the original trustee outbreak have tested positive.  Without immediate and comprehensive testing, this outbreak cannot be contained.  In addition, it appears that the Jail is not currently conducting automatic testing of anyone who is in a cell (or an adjoining cell) when a positive COVID case is identified.  We ask that you implement such a testing regime to try to immediately stamp out outbreaks before they spread.

- Quarantining:  The information we've received suggests that during their initial 10 or 14-day quarantine, people are being housed not only with people who were arrested on or around the same day, but also with people who are arrested days later.  This undermines the purpose of an initial quarantine period and this practice should cease.

- Masks:  Literally every inmate we speak with indicates that mask wearing by deputies is sporadic at best.  The practices amongst the nurses appear to be even more lax.  We appreciate the reminder email you sent indicating that the need to wear masks has been reinforced.  However, this should be a major emphasis, not simply a reminder.  Deputies who do not wear masks should be immediately disciplined, and it should not be hard to identify those who do not given the pervasive use of surveillance cameras in the Jail.  We ask that the Jail hold a staff meeting with each shift to emphasize the vital role of masks in preventing the further proliferation of this outbreak—both for staff and class members' well-being—and that compliance be carefully monitored.  In addition, we did not see in the materials you provided that *nurses* have been reminded to wear masks.  Reminders and enforcement of their obligation to wear masks is vital, given the degree to which nurses present obvious transmission vectors.

- Soap/hygiene:  We are glad to hear that the Jail will be offering soap three times a day.  If Jail leadership believes such a practice is already occurring, however, we suggest that strong implementation guidance and monitoring be implemented as our information strongly suggests that it is not in place

right now.  Our information also suggests that even when inmates have access to DMQ they do not have access to washcloths and spare rags as would be necessary to allow them to clean and disinfect their cells.  We ask that rags and washcloths also be distributed as needed along with DMQ three times a day.  Finally, although toilet paper may not be expressly mentioned in the stipulation, we are hearing from numerous individuals that it is not being provided for days at a time.  Please include toilet paper in the items that the Jail is ensuring are distributed.  We note that toilet paper is also helpful to class members for cleaning purposes.

- <u>Releases</u>:  We are well aware that the Jail's program urging courts to consider releases is not a part of the stipulation between the Parties and are pleased to see that the Jail has breathed some additional life into the program.  We strongly urge the Jail to consider requesting releases for a wider swathe of inmates, beginning with anyone who is detained pre-trial and not *currently* charged with a violent felony, even if they may have a violent conviction at some point in their criminal history.  In addition, anyone who is within 3 months of the end of their sentence now faces the prospect of serving the remainder of their time entirely in the midst of an outbreak of this virus.  We ask that the Jail consider including such individuals in the release request program.

Peace,

*Cary S. McGehee*

Pitt McGehee Palmer Bonanni & Rivers P.C.
117 West Fourth Street, Ste 200
Royal Oak, Michigan, 48067
248-398-9800- work
248-321-0565- cell
248-268-7996(fax)
cmcgehee@pittlawpc.com

**From:** Steven Potter <spotter@potterlaw.com>
**Sent:** Monday, November 30, 2020 8:44 AM
**To:** Cary McGehee <cmcgehee@pittlawpc.com>
**Cc:** Trevor Potter <tpotter@potterlaw.com>; Robert Clark <rclark@potterlaw.com>; Philip Mayor <pmayor@aclumich.org>; Kevin Carlson <kcarlson@pittlawpc.com>; Syeda Davidson <sfhdavidson@gmail.com>; Thomas Harvey <THarvey@advancementproject.org>; Dan Korobkin <dkorobkin@aclumich.org>; Alec Karakatsanis <alec@civilrightscorps.org>; Alexandria Twinem (alexandria@civilrightscorps.org) <alexandria@civilrightscorps.org>
**Subject:** RE: Cameron et al v. Bouchard et al- Notice of Breach of Stipulated Agreement

Cary,

Please allow the following to serve as my response to your email below.

1. **Social Distancing**
   Jail command staff is doing everything possible to achieve a higher degree of social distancing. As you are aware, the Jail is engaged in another prisoner release effort. Additionally, Major Childs is constantly monitoring inmate distribution throughout the Jail.  We will not be providing the document you requested regarding the current population level and the occupancy of each cell since we are under no legal requirement to do so. I would like to remind you that the 6th Circuit set aside Judge Parker's Temporary Restraining Order and found as a matter of law that the Jail's response to the COVID-19 pandemic was not deliberately indifferent.  Defendants' position is that as a result of the 6th Circuit's ruling, any oversight of the Jail's operations by the Plaintiffs or Judge Parker is without any legal basis whatsoever.

2. **Testing**
   All incoming inmates are tested at the end of their quarantine period. Additionally, the Jail's testing program exceeds the protocol recommended by Wellpath, the contractor that operates the Jail's medical clinic. As a result, we will not be testing the entire Jail population.

3. **Quarantining**
   The Jail is making every effort to house only inmates who are arrested within a day or two of each other in a two-man cell during the initial quarantining of new inmates.  This is the same practice that the Jail has been following since the initial policy regarding the quarantining of new inmates was implemented.  Your email fails to recognize the space limitations within the Jail.  No one gets out of quarantine without testing negative.

4. **Masks**
   The emails that I previously forwarded to you demonstrate that the Jail has placed a major emphasis on the wearing of masks.  This is also true with regard to Wellpath, the contractor that employs the nurses. Reminders and enforcement of the obligation to wear a mask occurs daily. I am sure that you are aware that virtually none

of your clients (the Jail population) wear their masks while in their cell.  Maybe you should direct your attention on this issue to your clients and have a discussion with them regarding personal responsibility. Also, it would greatly help in the future if your clients would identify by name the deputies and/or nurses that your clients contend are not compiling with the mask policy.

5. **Soap and Hygiene**
The Jail's policy with regard to distribution and disinfectant has not changed. What has changed is the requirement that an inmate in each cell provide a written acknowledgment each time soap and disinfectant is distributed.  Toilet paper is available to any inmate upon request and is distributed three times per week.

6. **Releases**
The Jail will not consider the release of any inmate that has a history of violence.

Finally,  I would like to remind you that the jail staff risks their lives on a daily basis in order to operate OCJ.  I am amazed by your side's continual failure to recognize the risk to Jail employees brought about  by the pandemic and your clients' refusal to wear their masks while in their cells.

Steve

Steven M. Potter
Attorney at Law
POTTER, DEAGOSTINO, O'DEA & CLARK
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
P. 248-377-1700, Ext. 22
F. 248-377-0051
spotter@potterlaw.com

**From:** Cary McGehee <cmcgehee@pittlawpc.com>
**Sent:** Thursday, November 26, 2020 9:51 AM
**To:** Steven Potter <spotter@potterlaw.com>
**Cc:** Trevor Potter <tpotter@potterlaw.com>; Robert Clark <rclark@potterlaw.com>; Philip Mayor <pmayor@aclumich.org>; Kevin Carlson <kcarlson@pittlawpc.com>; Krithika Santhanam <ksanthanam@advancementproject.org>; Syeda Davidson <sfhdavidson@gmail.com>; Thomas Harvey <THarvey@advancementproject.org>; Dan Korobkin <dkorobkin@aclumich.org>; Alec Karakatsanis <alec@civilrightscorps.org>; Alexandria Twinem (alexandria@civilrightscorps.org) <alexandria@civilrightscorps.org>
**Subject:** Cameron et al v. Bouchard et al- Notice of Breach of Stipulated Agreement

Steve,

Happy Thanksgiving. I hope that you are able to safely share and enjoy it with your family.

As time is of the essence, we feel compelled to reach out to you on this holiday to give you our response to your client's response to our Notice of Breach of the Stipulated Agreement.

2