UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL CAMERON; RICHARD BRIGGS;
RAJ LEE; MICHAEL CAMERON; MATTHEW
SAUNDERS, individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

Case 2:20-cv-10949-LVP-PTM

MICHAEL BOUCHARD, in his official capacity
as Sheriff of Oakland County;
OAKLAND COUNTY, MICHIGAN,

    Defendants.

_____

## DEFENDANTS' AMENDMENT TO RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE STIPULATION [1]

**I.  Plaintiffs Do Not Have Standing to Enforce Stipulation Because No Class Exists**

The law-of-the-case doctrine "precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court." *Keahey v Marquis*, 978 F3d 474, 481 (6th Cir. 2020). The doctrine is "based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter." *In re Wohleber*, - - - Fed Appx - - - -; 2020 WL 6781237 (6th Cir.2020)(citing *United States v United States Smelting Refining*

---

[1] The following was inadvertently omitted from Defendants' Response to Plaintiffs' Motion to Enforce Stipulation due to a clerical error. Defendants' Response is not yet due and thus the Amendment is timely.

*& Mining Co*, 339 US 186, 198 (1950)).

The law-of-the-case doctrine in the instant action precludes the instant Motion to Enforce Stipulation (and any further claims in this matter). Defendants appealed this Court's Order dated May 21, 2020 which conditionally certified a class as part of a preliminary injunction. (ECF No. 94, Order; ECF. No. 95, Notice of Appeal). The Sixth Circuit held that **"Plaintiffs' claims fail on the merits**[2]**"** and vacated this Court's Order. *Cameron v Bouchard*, 815 Fed Appx 978, 983 n. 1 (6th Cir.2020)(emphasis supplied). As a result of this Court's Order being vacated, there is no conditional class(es). Instead, to the extent Plaintiffs have a valid cause of action (which they do not), the only Plaintiffs are the five named Plaintiffs: Jamaal Cameron, Michael Cameron, Raj Lee, Richard Briggs and Matthew Saunders. However, none of these individuals are currently incarcerated at OCJ and similarly none of these individuals are making any claims regarding the stipulation. Further, because these individuals are no longer incarcerated, they no longer have standing to request the stipulation be enforced. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Similarly, because the individuals requesting the stipulation be enforced were not parties at the time the stipulation was entered (or parties currently) they lack standing to request the stipulation be enforced as well. *Id.*

---

[2] It is Defendants' position that this holding precludes any further claims made by Plaintiffs and should result in dismissal of the instant action.

1

WHEREFORE, Defendants, MICHAEL BOUCHARD and OAKLAND COUNTY, respectfully request this Court to deny Plaintiffs' Motion to Enforce Stipulation.

                                            POTTER DeAGOSTINO O'DEA & CLARK

                                            /s/ ROBERT C. CLARK (P76359)
                                            Attorneys for Defendants
                                            2701 Cambridge Court, Suite 223
                                            Auburn Hills, Michigan 48326
                                            (248) 377-1700
Dated: December 13, 2020      rclark@potterlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                            /s/ Robert C. Clark