# EXHIBIT B

# Proposed Summary Class Notice

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

# TO ALL INDIVIDUALS INCARCERATED AT THE OAKLAND COUNTY JAIL

*Cameron et al. v. Bouchard et al.*, Case No. 20-cv-10949-LVP-PTM

**United States District Court for the Eastern District of Michigan**
**Hon. Linda V. Parker**

To: All current and future persons detained at the Oakland County Jail during the course of the COVID-19 pandemic until October 31, 2021

1. In April 2020, a putative class action lawsuit was filed against Oakland County, Michigan and Michael Bouchard in his official capacity as Sheriff of Oakland County (collectively, the "Defendants") alleging violations of the rights of individuals detained at the Oakland County Jail ("the Jail"). The suit was based on the alleged deliberate indifference of the Defendants to the threat posed by the novel coronavirus and the need to take additional safeguards to protect those detained from a risk of contracting COVID-19.

2. This lawsuit asserted violations of Plaintiffs' federal constitutional rights and sought injunctive and declaratory relief only. This means that the lawsuit asked the federal court to order the Jail to change its policies and practices to protect the health and safety of people incarcerated there. The suit did not seek financial damages (money). The settlement does not eliminate your right to pursue individual suits for damages in the future if you have a viable case.

3. On May 18, 2021, the parties entered into a proposed settlement agreement to resolve all claims for the class.

4. On [DATE], the Court preliminarily approved a settlement of the claims in the class action; and approved the notice of the proposed settlement and method for all Plaintiffs and class members to object.

5. You are being provided notice of the settlement because this is a class action lawsuit that is being settled on behalf of you and everyone else present or yet to be detained at the Oakland County Jail until October 31, 2021.

6. The settlement imposes requirements that the Jail must follow in the future, but does not involve financial compensation.

7. All members of this class have the right to object to the settlement. The federal judge presiding over this case may approve the settlement only after a hearing and a finding that it is fair, reasonable, and adequate.

8. **Nature of the Case:** The Plaintiffs alleged that the Defendants violated the United States Constitution by failing to take sufficient steps to protect people detained at the Jail from the risk of COVID-19. The Plaintiffs alleged that: the Defendants did not provide adequate supplies, including disinfectant and other cleaning supplies, personal hygiene supplies like soap, and clean linens; the Defendants did not allow people to safely socially distance within the Jail; the Defendants did not adequately quarantine and test individuals who were suspected of having COVID-19; the Defendants did not provide adequate medical treatment to individuals displaying COVID-19 symptoms; and the Jail did not have adequate protection measures for people with medical conditions that made them especially susceptible to complications from COVID-19. The Defendants denied these allegations.

9. **General Description of the Settlement:**[1] To avoid continued complicated and uncertain litigation, the parties have agreed to a class settlement. This is not a class action for money damages. The plaintiff class sought to be certified pertains only to claims for injunctive and declaratory relief. In other words, this settlement only requires the Jail to take the actions described below, not to pay money to anyone. The settlement will fully settle all class-wide injunctive and declaratory relief claims concerning Plaintiffs' allegations. The material terms of the class settlement are summarized below:

    a. Employees of the Jail will provide, free of charge, adequate supplies of soap; hand towels; toilet paper; disinfectant spray that is effective against the COVID-19 virus; and sponges, disinfecting wipes, or rags to clean common areas. If someone does not have an adequate supply of any of these things, they can request more from a deputy, and the deputy will provide it by the end of the deputy's shift. Disinfectant spray and sponges, wipes, or rags will be left within cells and/or shared areas so people can use it when necessary.

---

[1] To the extent that this "General Description" or any part of the Notice conflicts with or contradicts the actual Settlement Agreement, the language in the Settlement Agreement controls.

    b.    Individuals detained at the Jail will have access to daily showers and regular clean laundry, including clean personal towels at least once a week.

    c.    All individuals detained at the Jail will be given a clean and usable mask, which will be replaced if it becomes ruined or soiled upon reasonable request.

    d.    Employees of the Jail (including employees of Aramark, Wellpath, and other people who enter the Jail) will be required, to the fullest extent possible, to wear masks and wash their hands with soap and water or use hand sanitizer before and after touching any person or surface in cells or common areas of the Jail.

    e.    Employees of the Jail will monitor anyone who reports that they have symptoms of COVID-19, including temperature checks, and employees will provide a prompt COVID-19 test for anyone who requests a test or who is displaying COVID-19 symptoms.

    f.    Anyone who tests positive for COVID-19, is exposed to COVID-19, or has symptoms of COVID-19 will receive adequate medical care and will be quarantined somewhere where they have continued access to showers, mental health services, reading materials, phone and video calling with loved ones, communications with counsel, and reasonable access to personal property.

    g.    If someone tests positive for COVID-19, everyone in that person's cell or cell block will be tested for COVID-19 as well.

    h.    Employees of the Jail will house individuals in a way that maximizes social distancing as much as possible, including housing no more than 8 people in a 10-man cell unless it is necessary to put more people in 10-man cells.

    i.    The Jail will train staff to identify COVID-19 symptoms and measures to reduce disease spread, and the Jail will communicate information on these topics to detained individuals.

    j.    Employees of the Jail are prohibited from retaliating against anyone in the Jail for formally or informally raising concerns about the health and safety conditions in the Jail.

k. The Jail will make a COVID-19 vaccine available to everyone who will be housed in the Jail for at least 14 days. The vaccine will be given to groups of five individuals at a time. Anyone who declines to take the vaccine will be given one-on-one counseling and shown a video on the safety and efficacy of the vaccine. If you have previously declined to receive a vaccine, you may change your mind at any time and will receive a vaccine within a week.

l. Plaintiffs' counsel (who represent you in this matter) are creating materials about the COVID-19 vaccination, including a short video, letter, and flyer, that the Jail has agreed to show to individuals to help educate them on the safety and efficacy of the vaccine.

m. No one will be transferred into an area that is quarantined (unless that person is to be quarantined for the same reason). Areas that are quarantined together include: a) in the ten-man cells, a row of cells that has its own separate locked entrance, b) an entire pod of one- or two-man cells, c) any dorm rooms not separated from each other by separate locked entrances, or d) most cell blocks not otherwise described above.

n. Plaintiffs' counsel (who represent you in this matter) will receive weekly transfer reports and monthly COVID testing reports to allow them to monitor whether the Jail is complying with the terms of this agreement.

10. **For more information:** A copy of the proposed class settlement agreement in its entirety will be given to you by the Jail. If you do not receive a copy of these documents or you have additional questions, you may contact class counsel for assistance by emailing pmayor@aclumich.org using SmartJail Mail or by calling one of the following numbers collect to speak with one of your attorneys: 313-462-9168, 313-473-7675, 202-743-2805. **Please do not call the Court.** Questions may be directed to one of the attorneys representing the class, at the above listed email address or numbers. **Process To Object: The Court has preliminarily approved this settlement, subject to objections from the class.** If you agree with the settlement, you do not need to do anything. The plaintiff class[2] will be bound by the settlement if it is

---

[2] The plaintiff class includes everyone incarcerated at the Jail until October 31, 2021 and includes three subclasses:

4

approved by the Court. No class member will be permitted to opt out. However, any class member may object to the settlement and ask the Court to reject it. By way of reminder, the settlement **does not** eliminate your right to pursue individual suits for damages in the future if you have a viable case. <u>If you wish to make an objection to the settlement, you must meet the following requirements:</u>

a.  You must be a class representative or a class member; and

b.  Your objection must be in writing. It must contain your name, contact information, and the reasons for the objection. The objection must be clearly marked "Objection to Class Action Settlement in *Cameron et al. v. Bouchard et al.*, Case No. 20-cv-10949-LVP-PTM"; and

c.  Your objection must be sent to the Clerk of the Court and must be received no later than 7 days before the fairness hearing which is currently set for [DATE]. You may mail your objection, or you may file it electronically using the temporary Pro Se Document Upload Program at http://www.mied.uscourts.gov/. The Court's mailing address is:

Clerk of the Court
Theodore Levin United States Courthouse
231 West Lafayette Blvd., Room 599
Detroit, MI 48226

---

"Pre-trial Subclass": All current and future persons detained at the Oakland County Jail during the course of the COVID-19 pandemic who have not yet been convicted of the offense for which they are currently held in the Jail.

"Post-trial Subclass": All current and future persons detained at the Oakland County Jail during the course of the COVID-19 pandemic who have been sentenced to serve time in the Jail or who are otherwise in the Jail as the result of an offense for which they have already been convicted.

"Medically Vulnerable Subclass": All members of the Jail class who are also over the age of fifty or who, regardless of age, experience an underlying medical condition that places them at particular risk of serious illness or death from COVID-19.

11. **Fairness Hearing: The Court has scheduled a fairness hearing for [DATE]. At the fairness hearing the court will decide whether or not to approve the settlement and can do so only after a finding that it is fair, reasonable, and adequate.** At the fairness hearing, any Plaintiff who has timely filed an objection to the terms and conditions of the settlement of the class action will be given an opportunity to address the Court prior to the Court ruling on whether to enter final approval of the settlement. The fairness hearing will be held virtually before the Honorable Linda V. Parker, United States District Judge for the Eastern District of Michigan on [date] at [time]. Class members who file timely written objections will be permitted to speak via a Zoom link which will be arranged by the court prior to the hearing. If you choose, you are entitled to be represented by an attorney of your choice at the fairness hearing, at your own cost.

12. If the Court approves the settlement of this class action, all class representatives and class members will be bound by the terms of the settlement.

13. This Notice shall be given by the Jail to each current detainee along with a copy of the proposed Settlement Agreement. This Notice shall also be posted and maintained by the Jail in prominent locations in every cell row, pod, dorm, or other type of cell block until the fairness hearing.

14. If you require accommodation for hearing, visual, mobility or dexterity impairments or if you need an interpreter because of literacy, language or hearing barriers which prevent you from fully participating in this settlement, please notify class counsel by emailing pmayor@aclumich.org using SmartJail Mail or by calling any of the three phone numbers listed above.

This Notice Approved by Order of the Court

_____                    _____
[Date of Court Order]                              LINDA V. PARKER
                                        UNITED STATES DISTRICT JUDGE